J-S67003-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYAN LEE WALTER, | : | |
| | : | |
| Appellant | : | No. 1764 WDA 2013 |

Appeal from the PCRA Order October 16, 2013,
Court of Common Pleas, Bedford County,
Criminal Division at No. CP-05-CR-0000310-1996

BEFORE: DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED NOVEMBER 12, 2014**

Bryan Lee Walter ("Walter") appeals from the order entered on October 16, 2013 by the Bedford County Court of Common Pleas, Criminal Division, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, as untimely. We affirm.

Because we resolve this case on procedural grounds, a recitation of the facts underlying Walter's criminal conviction is unnecessary. It suffices to say that on December 16, 1997, the trial court sentenced Walter to life in prison following his conviction for murder of the first degree.[1] Our Court affirmed his judgment of sentence on March 31, 1999 and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on March 27, 2000. The United States District Court for the Western District of

---

[1] 18 Pa.C.S.A. § 2502(a).

*Former Justice specially assigned to the Superior Court.

Pennsylvania denied Walter's petition for federal *habeas corpus* relief on July 31, 2003.

On October 10, 2012, Walter filed a *pro se* petition pursuant to the PCRA. On October 24, 2012, the trial court appointed counsel to represent Walter and afforded counsel 60 days to file an amended PCRA petition. On March 8, 2013, Walter filed an amended PCRA petition.[2] The trial court held hearings on Walter's PCRA petition on September 30 and October 15, 2013. On October 16, 2013, the trial court denied Walter's PCRA petition, finding the petition untimely and that Walter did not fulfill the requirements of the timeliness exception in section 9545(b)(1)(ii) of the PCRA.

On October 25, 2013, Walter filed a timely notice of appeal. On October 30, 2013, the trial court ordered Walter to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On November 12, 2013, Walter filed a timely Rule 1925(b) statement.

On appeal, Walter raises the following issue for our review:

> Whether the trial court erred in holding Walters failed to prove the newly discovered evidence exception to the timeliness requirement of the [PCRA] where Walter's school records evidencing his cognitive disabilities were unknown at the time of trial and could not have been ascertained by the exercise of due diligence?

---

[2] The trial court granted Walter two extensions, one on December 7, 2012 and the other on January 31, 2013, to file an amended PCRA petition.

Walter's Brief at 4.

We review the denial of a PCRA petition on timeliness grounds according to the following standard:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition. Section 9545(b)(1) requires a petitioner to file a PCRA petition within one year of the date the judgment [became] final.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (internal citations and quotations omitted).

The newly discovered evidence exception to the PCRA's timeliness rule requires the petitioner to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Any petitioner invoking one of the exceptions to the PCRA's timeliness requirement must file his or her PCRA petition within 60 days of the availability of the claim. 42 Pa.C.S.A. § 9545(b)(2).

Walter readily concedes that the PCRA petition at issue before us is facially untimely. *See* N.T., 9/30/13, at 9; Walter's Brief at 8. However, Walter argues that he satisfies the newly discovered evidence exception to the timeliness requirement contained in section 9545(b)(1)(ii) of the PCRA. Walter's Brief at 12-21. According to Walter, his case falls within the newly

- 3 -

discovered evidence exception to the PCRA's timeliness requirement because he was unable to locate, prior to August 14, 2012, his school records, which reflected that he had "learning disabilities, low verbal and performance I.Q., [and] symptoms of mild mental retardation[.]" Walter's Brief at 14-19. Walter claims that that he could not have acquired these records prior to August 14, 2012 through the exercise of reasonable diligence because the records were stored at a location different from where he attended school. *Id.* Walter believes that these school records would establish that he did not have the ability to form the requisite specific intent to commit first-degree murder. *See id.* at 21.

We agree with the trial court's conclusion that Walter failed to prove that the facts upon which his claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. In his appellate brief, Walter makes to no attempt to prove that he was unaware that he had learning disabilities. *See id.* at 12-21. In fact, both his mother and his sister testified that they knew that Walter had learning disabilities while he was in school. N.T., 9/30/13, at 34, 58-59.

Moreover, the record supports the trial court's conclusion that Walter failed to prove that his school records could not have been acquired prior to August 14, 2012 by the exercise of due diligence. Walter's mother testified that Walter asked her in June of 2012 to track down his school records. *Id.* at 37. In June or July 2012, Walter's mother and sister went to Claysburg-

Kimmel High School, the school that Walter attended, in an attempt to obtain Walter's school records. *Id.* at 22, 56. While they did not have any success getting Walter's records from Claysburg-Kimmel High School, Walter's mother testified that an employee of that school suggested that she look for the records at Roaring Spring High School because Walter had attended special needs programs at that school. *Id.* at 22, 40, 42. Walter's mother recounted the following in regards to her trip to Roaring Spring High School:

> So whatever the date was in August [2012] was the first time I went to Roaring Springs. I drove over to Roaring Springs. And, um, the lady said: well Maybe this Annetta Ritcher can help you. And I explained to her at one time [Walter] was at their school. … And, ah, she said -- well, she -- and I said well at one time he was at East Freedom and he was in Roaring Springs. And she said -- well, I have a -- and I said he was in the IU-8 Program. And she said: well, I have a friend that's a head of the IU-8 Program.
>
> And it is now at, um, the Foot of Ten. She said: I'll call her. You just wait here. So she called her on the phone. And she hunted it up. And she had his records. So, um, she said I found your son's records. They are here. She said they might be on microfilm. You'll have to give me a couple of minutes. They weren't. She said: We will fax you a permission. I don't need his permission just yours.

*Id.* at 40-41. On August 14, 2012, Walter's mother received Walter's school records in the mail. *Id.* at 18.

Thus, the record reflects that Walter asked his mother and sister to track down his school records in June 2012 and his mother was able to

acquire them within six to eight weeks while only making two attempts to find them. *See id.* at 37, 40-41, 44-45. Walter provides no explanation for why he was unable to obtain his school records, prior to his mother and sister's endeavors during the summer of 2012, other than the fact that the records were not located in the same building where he attended school. Walter's Brief at 20. Therefore, the record supports the trial court's conclusion that Walter failed to prove that his school records could not have been acquired prior to August 14, 2012 by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(2). Accordingly, because Walter failed to prove the newly discovered evidence exception to the timeliness requirements of the PCRA, the trial court properly dismissed Walter's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2014