J-S08011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PRESTON PIAZZA, | : | |
| | : | |
| Appellant | : | No. 1378 EDA 2014 |

Appeal from the PCRA Order March 17, 2014,
Court of Common Pleas, Bucks County,
Criminal Division at No(s): CP-09-CR-0002897-2004
and CP-09-CR-0005932-2004

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED MARCH 02, 2015**

Preston Piazza ("Piazza") appeals from the March 17, 2014 order entered by the Bucks County Court of Common Pleas dismissing his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), as untimely.  Upon review, we affirm.

We need not repeat the horrific details underlying Piazza's convictions to decide this appeal.  The trial court summarized the relevant procedural history of this case as follows:

> On February 29, 2004, [Piazza] was charged with [r]ape, [involuntary deviate sexual intercourse], [s]exual [a]ssault, [s]imple [a]ssault and [i]ndecent [a]ssault in Criminal Information 2897-2004. On August 13, 2004, [Piazza] was charged with [t]erroristic [t]hreats in Criminal Information 5932-2004. On August 23, 2004, the Commonwealth filed a Petition to Consolidate the above mentioned cases.

The Commonwealth's Petition to Consolidate was granted on September 7, 2004.

[Piazza]'s case was tried before a jury on October 27, 2004. On November 1, 2004, following a four[-]day jury trial, the jury returned a verdict of guilty for all of the above charges. On May 5, 2005, [Piazza] was sentenced to an aggregate sentence of not less than fifteen years to no more than thirty years in prison.

On March 8, 2006, [Piazza] filed his first motion for post-conviction relief under the [PCRA]. [Piazza]'s counsel filed an amended PCRA petition on May 30, 2008. This petition raised various claims of ineffective assistance of counsel[,] including a claim that one of the jurors, Brenda Alexander, knew [Piazza] and his family. On June 10, 2008, a hearing was held before the Honorable Mitchell S. Goldberg at which [Piazza] specifically withdrew the claim regarding juror Brenda Alexander. Following the hearing, the remaining claims of [Piazza]'s first PCRA petition were denied. [Piazza] thereafter filed an appeal to the Superior Court of Pennsylvania. The Superior Court affirmed the denial of [Piazza]'s PCRA petition on December 3, 2009. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 27, 2010.

On June 25, 2010, [Piazza] filed a second PCRA petition *pro se*. In this second petition, [Piazza] claimed juror misconduct, again alleging that juror Brenda Alexander knew [Piazza] and his family. He also claimed ineffectiveness of trial counsel surrounding the failure to challenge this juror and a claim that the [c]omplainant had recanted her testimony. On July 15, 2010, this [c]ourt issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907, finding that the claims were waived or previously litigated. On August 17, 2010, this [c]ourt issued an [o]rder denying [Piazza]'s second PCRA petition without a hearing. No appeal was taken of that denial.

In October 2010, [Piazza] was charged on a new case in this [c]ourt, Case Number 6421 of 2010. The charges included: intimidation of a witness, the witness being the [c]omplainant [in the original rape case]; retaliation against a witness; solicitation to commit aggravated assault; and other related charges. The facts in this case were based on allegations that [Piazza] attempted to compel the [c]omplainant [to] recant[]her allegations sometime between October 2009 and January 2010, prior to the filing of his second PCRA. [Piazza] was convicted by a jury on those counts and thereafter sentenced to 23 1/2 to 43 years consecutive to the sentences he is serving in the case at hand.

On January 11, 2011 while Case Number 6421 of 2010 was pending, [Piazza] filed a third PCRA petition, the denial of which is the basis of the instant appeal. In this petition, [Piazza] claimed ineffective assistance of counsel for failure to conduct a proper voir dire. Again, [Piazza] argued that juror Brenda Alexander had prior knowledge of [Piazza] and his family. [Piazza] also claimed that another, juror, prospective juror # 38, should have been stricken for cause for allegedly being biased based on knowledge of the case prior to trial. Further, [Piazza] claimed ineffective assistance of counsel for failure to move for a change of venue based on pre-trial publicity. Finally, [Piazza] argued newly[]discovered evidence, an affidavit by an individual named Renee Cereby dated December 16, 2010, stating that juror Brenda Alexander discussed the case at her hair salon in 2004 while the trial was in progress. The affidavit claims Brenda Alexander stated that she knew the [Piazza] and his family prior to the trial, and that there were rumors that [the c]omplainant was lying about the charges.

On May 2, 2011, this [c]ourt issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. [Piazza] filed a response thereto on May 20, 2011.

> On June 24, 2011, the Bucks County District Attorney's Office (hereinafter "District Attorney") filed a Motion to Dismiss PCRA Petition arguing the petition was time-barred. On February 4, 2012, the District Attorney filed a second Motion to Dismiss PCRA Petition for lack of jurisdiction as time-barred. On February 27, 2012, this [c]ourt issued an [o]rder denying [Piazza]'s third PCRA petition. On March 8, 2012, [Piazza] filed a Motion to Reconsider and Vacate the February 27, 2012 [o]rder. On March 13, 2012, this [c]ourt vacated the [o]rder. Thereafter, on March 23, 2012, [Piazza] filed a response to the District Attorney's second Motion to Dismiss PCRA Petition. On May 29, 2012, the District Attorney filed a reply to [Piazza]'s response. A hearing was held on August 2, 2012, and briefs [were] subsequently filed by the District Attorney and [Piazza]. On March 17, 2014, this [c]ourt denied [Piazza]'s third PCRA petition.

PCRA Court Opinion, 6/20/14, at 2-5 (internal citation omitted).

Piazza filed a timely notice of appeal and complied with the PCRA court's order for a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Thereafter, the PCRA court issued a responsive opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Piazza raises the following issues for our review:

> (1) Whether the [PCRA] court erred in denying [Piazza]'s [t]hird [PCRA petition] as being time barred, when there was an exception[,] newly-discovered evidence[,] that applied?[]
>
> (2) Whether the [PCRA] court incorrectly found that the exception of newly discovered evidence did not apply to the present case?[]

> (3) Whether [Piazza]'s [t]hird [PCRA petition] was filed within 60 days of the time [Piazza] learn[ed] of the newly discovered evidence?[]

Piazza's Brief at 4.

We review a PCRA court's decision to determine whether the record supports it and to ensure it is free of legal error. ***Commonwealth v. Hackett***, 99 A.3d 11, 50 (Pa. 2014). "We cannot disturb the factual findings of the PCRA court, which hears evidence and passes on the credibility of witnesses, if they are supported by the record, even where the record could support contrary findings." ***Id.*** (citation omitted). Our scope of review is limited to the PCRA court's findings and the evidence presented at the PCRA hearing, which we view in the light most favorable to the prevailing party. ***Id.*** at 50-51.

As stated above, the PCRA court found Piazza's petition untimely. The PCRA requires a petitioner to file a PCRA petition within one year of the date the judgment became final. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA timeliness requirement … is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (citations omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

It is uncontested that Piazza's third PCRA petition is facially untimely. As Piazza did not file a direct appeal from his judgment of sentence, it became final on June 6, 2005.[1]  *See* Pa.R.A.P. 903(a) (requiring a notice of appeal from the trial court to the Superior Court to be filed within thirty days of the entry of the complained of order).  He filed the instant PCRA petition on January 11, 2011, five and a half years later and well beyond the one-year filing requirement.  *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545(b)(1) provides three statutory exceptions to the timeliness provisions that allow for very limited circumstances under which the late filing of a PCRA petition will be excused:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[1]  The thirtieth day was June 4, 2005, which was a Saturday, and thus we extend the filing time to the following Monday, June 6, 2005.  *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

42 Pa.C.S.A. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's burden to plead and prove, by a preponderance of the evidence, that his facially untimely petition falls under one of the three timeliness exceptions; that he filed it within sixty days of the date it could have been presented; and that the information could not have been obtained earlier. ***Commonwealth v. Williams***, __ A.3d __, 2014 WL 7102767, at *4 (Pa. Dec. 15, 2014); ***Commonwealth v. Ali***, 86 A.3d 173, 178 (Pa. 2014), *cert. denied sub nom.*, ***Ali v. Pennsylvania***, 135 S. Ct. 707 (U.S. 2014).

Piazza attempted to invoke the exception contained in section 9545(b)(1)(ii), commonly known as the newly discovered fact exception to the PCRA's timeliness requirement. Specifically, he presented the December 16, 2010 affidavit of Renee Cereby ("Cereby") indicating that in the fall of 2004, presumably during Piazza's rape trial, Cereby overheard Brenda Alexander discuss the case with her hair salon patrons and admit that she knew Piazza and the complainant and had heard rumors that the complainant was lying about the rape. PCRA Petition, 1/11/11, at Exhibit A; Piazza's Brief at 10-11.

The PCRA court provided several reasons for its dismissal of Piazza's third PCRA petition. We focus on the PCRA court's conclusions that Piazza failed to satisfy his burden of proof that he filed the PCRA petition within

sixty days of learning from Cereby that Brenda Alexander made the statements she allegedly made and that the information contained in the affidavit is not in fact new. PCRA Court Opinion, 6/20/14, at 9-10.

We begin with the PCRA court's finding that the affidavit did not disclose any new information. In his brief on appeal, Piazza states that the affidavit does reveal new information because it "show[s] that Ms. Alexander lied during voir dire regarding whether she knew the victim and [Piazza]." Piazza's Brief at 13. The record reflects, however, that Piazza was well aware of this information long before the filing of his third PCRA petition. In his first amended PCRA petition, filed on May 29, 2008, Piazza included a claim of ineffective assistance of trial counsel "for failing to move for a mistrial when trial counsel was apprised that **one of the jurors, Brenda Alexander, had known the defendant for several years** and was not a fair and impartial juror." Amended PCRA Petition, 5/29/08, ¶ 18(d) (emphasis added). Again, in his second PCRA petition, Piazza alleged the following:

> Juror number 4[,] a **Ms. Brenda Alexander, whom I've known [for] years and my family has known for years** as well as her brother, Jeff Alexander, we have had very negative dealings with. It all started with a car, bicycle accident involving her red GM sports car and has escalated ever since. I notified trial counsel but he refused to act upon the information.

PCRA Petition, 6/25/10, ¶ 5 (emphasis added). Thus, the fact that Brenda Alexander and Piazza knew each other was not previously unknown to Piazza. Furthermore, it is clearly of record that Brenda Alexander did not inform the trial court during voir dire that she knew Piazza. *See* N.T., 10/27/04, at 47-49. Thus, the information revealed to Piazza by Cereby and contained in the affidavit does not qualify under the newly discovered fact exception to the PCRA's timeliness requirements. 42 Pa.C.S.A. § 9545(b)(1)(ii).

Moreover, even if the information contained in the affidavit could be viewed as "new," the record reflects that neither Piazza's PCRA petition nor Cereby's affidavit indicate precisely when Piazza became aware of the statements alleged to have been made by Brenda Alexander. At the PCRA hearing, Piazza testified that he first learned about Brenda Alexander's statements when Cereby came to visit him, which he believed occurred in "2011, sometime." N.T., 8/2/12, at 13. After learning that Cereby's affidavit was dated December 16, 2010, he agreed that it was "about the time" she came to visit him, as she did not author the affidavit until after she visited. *Id.* at 14-15.

Cereby was able to provide a somewhat more concise timeline, but she was unable to recall when she made Piazza aware of the information in her affidavit. She testified that she saw Piazza's picture in the newspaper in connection with his witness intimidation charges (which arose in October of

2010), and immediately wrote him a letter. *Id.* at 30. Piazza then called Cereby, at which time she testified she told Piazza about the statements Brenda Alexander allegedly made in the fall of 2004. *Id.* at 30-31. At his request, she wrote the story down, had it notarized, and sent it to him. *Id.* at 31-32. Contrary to Piazza's testimony, she testified that she did not see him in person until the trial on his second set of charges (which occurred in 2012).

In his brief on appeal, Piazza states only that "Cereby came forward with the new information and presented it to [Piazza] about the same time she signed the affidavit." Piazza's Brief at 15. As stated above, however, Piazza had the burden of proving by a preponderance of the evidence that his facially untimely PCRA petition was filed within sixty days of the date he could have presented the claim – here, within sixty days of learning the allegedly newly discovered fact. *See Williams*, 2014 WL 7102767, at *4; *Ali*, 86 A.3d 173, 178. We therefore agree with the PCRA court that Piazza failed to satisfy his burden of proving that his third PCRA petition, filed on January 11, 2011, was filed within sixty days of him learning of the statements allegedly made by Brenda Alexander. As such, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2015