J-S63007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee :
:
          v. :
:
ANTONIO DADE, :
:
                Appellant : No. 3453 EDA 2014

Appeal from the PCRA Order October 29, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0212731-1989

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:         **FILED NOVEMBER 04, 2015**

Antonio Dade ("Dade") appeals pro se from the October 29, 2014 order entered by the Philadelphia County Court of Common Pleas dismissing his fourth petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), as untimely. After careful review, we affirm.

The trial court summarized the relevant procedural history of the case as follows:

> On March 5, 1990, following a bench trial before the Honorable David N. Savitt, [Dade] was found guilty of [first-degree murder, aggravated assault, reckless endangerment and possessing an instrument of crime]. [Dade] was sentenced to an aggregate term of life imprisonment. [Dade] appealed, and on August 30, 1991, the Superior Court affirmed the judgment of sentence. On March 23, 1992, the Pennsylvania Supreme Court denied allocatur.

On October 13, 1992, [Dade] filed his first petition for post-conviction relief pursuant to the [PCRA]. Counsel was appointed, and on June 6, 1993, an amended petition was filed. On April 9, 1996, the petition was denied. The Superior Court affirmed the dismissal on January 16, 1997, and the Pennsylvania Supreme Court subsequently denied allocatur on August 12, 1997.

On February 21, 2006, [Dade] filed his second PCRA petition, which was dismissed on July 14, 2006. The Superior Court affirmed the dismissal on June 4, 2007, and the Pennsylvania Supreme Court denied allocatur on October 16, 2007.

On November 13, 2007, [Dade] filed his third PCRA petition, which was dismissed on July 25, 2008. The Superior Court affirmed the dismissal on August 3, 2009, and no further appeal followed.

[Dade] filed the instant PCRA petition, his fourth, on April 3, 2014. After conducting an extensive and exhaustive review of these filings, the record, and applicable case law, [the PCRA c]ourt determined that the instant petition was untimely filed and that none of the timeliness exceptions applied. On August 15, 2014, [the PCRA c]ourt provided [Dade] with a Pa.R.Crim.P. 907 [n]otice of [i]ntent to dismiss his petition without a hearing, and [Dade] filed a [r]esponse on August 28, 2014. [the PCRA c]ourt subsequently dismissed the PCRA petition on October 29, 2014. [Dade] filed a notice of appeal from that order.

PCRA Court Opinion, 1/20/15, at 1-2 (pagination added).

On appeal, Dade raises two issues for our review:

I.     Did the [PCRA c]ourt err in holding that the proffered testimony of Craig Jackson did not meet the statutory timel[iness] exception under Title 42 Pa.C.S. § 9545(b)(1)(ii)?

II.     Does the interest of justice require a remand for the purpose of taking Craig Jackson's testimony?

Dade's Brief at 4.

We review the denial of a PCRA petition on timeliness grounds according to the following standard:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition. Section 9545(b)(1) requires a petitioner to file a PCRA petition within one year of the date the judgment [became] final.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (internal citations and quotations omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Section 9545(b)(1) of the PCRA provides three statutory exceptions to the timeliness provisions that allow for very limited circumstances under which the late filing of a PCRA petition will be excused:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's burden to plead and prove, by a preponderance of the evidence, that his facially untimely petition falls under one of the three timeliness exceptions; that he filed it within sixty days of the date it could have been presented; and that the information could not have been obtained earlier. *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014); *Commonwealth v. Ali*, 86 A.3d 173, 178 (Pa. 2014), *cert. denied sub nom.*, *Ali v. Pennsylvania*, 135 S. Ct. 707 (U.S. 2014).

Dade acknowledges that his PCRA petition, filed over twenty years after his judgment of sentence became final, is facially untimely. *See* Motion for New Trial Based on After-Discovered Evidence and Consolidated Memorandum of Law, 4/3/14, ¶ 6; Dade's Brief at 9. He asserts, however, that he has satisfied the exception to the timeliness requirements in section 9545(b)(1)(ii) through the presentation of a letter sent to him by Craig Jackson ("Jackson"), which he received within sixty days of filing his fourth

PCRA petition. Dade's Brief at 10. In the letter, Jackson states that he was present on the night of the shooting, and details what he saw and the aftermath of the shooting, stating:

> I was out there the night that Pliz shot those guys that night and because of me seeing that I got shot for it. Maybe you know the story being as though how close you and Pliz are but just keep this to yourself, I don't know, but, anyway, I was coming from Columbia Ave. going back down my way on Master Street and I decided to stop at the Chinese joint. As I was on my way across the street I saw you and two other guys come out of the store. I saw one of them pull out a gun and then Pliz come up shooting out of nowhere. I don't know if the dude got off a shot or not cause I ran after the first shot. A week or so later I see Pliz and ask him about you and was he looking out for your and he asked me what I was talking about and told me to mind my business. I told him that I was there and saw him shoot them dudes and that's when he shot me 3 times then he sent threatening messages to me saying if I brought this up again he would kill me and my family. So I never said anything else about it being the old me.

PCRA Petition, 4/3/14, at Exhibit A. Dade states that he did not know that Jackson was present at the time of the shooting and could not have known until he received the letter from Jackson, as Jackson never told anyone, other than Pliz, what he saw that night. Motion for New Trial Based on After-Discovered Evidence and Consolidated Memorandum of Law, 4/3/14, ¶¶ 8-9, 12; Dade's Brief at 10-12.

This Court recently explained the petitioner's burden of proof for the newly discovered fact exception to the timeliness requirements:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citations and quotation marks omitted).

Thus, the due diligence required of Dade in the case at bar relates to his ability to learn the facts disclosed in Jackson's letter – i.e., that another person was present on the night of the shooting and actually shot the victims. However, nowhere in either his PCRA petition or his appellate brief does Dade claim that he was unaware that his friend, Pliz, was present on the night of the shooting or that someone other than Dade shot the victims.[1] Nor does he explain why he could not have learned that there was another person present who was actively shooting along with him at the time the

---

[1] The record reflects that Dade testified at trial and admitted that he fired three shots at the victims from a distance of two to three feet after he observed one of the victims "reaching into his jacket for something." N.T., 3/5/90, at 252-53, 269. Two bullets hit one victim; one bullet hit the other. Dade raised a claim of imperfect self-defense at trial.

victims were shot.[2]  Rather, as stated hereinabove, Dade avers throughout the memorandum of law accompanying his PCRA petition and his brief on appeal that he was unaware that Jackson was present on the night of the shooting and that he could not have discovered Jackson's presence and eyewitness account with the exercise of due diligence.  *See* Motion for New Trial Based on After-Discovered Evidence and Consolidated Memorandum of Law, 4/3/14, ¶¶ 8-9, 12; Dade's Brief at 10-12.

As Dade did not plead and prove that he was unaware that there was another person present on the night of the shooting who actually shot the victims, he failed to satisfy his burden of proving the timeliness exception contained in section 9545(b)(1)(ii).  *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *Brown*, 111 A.3d at 176; *see also Williams*, 105 A.3d at 1239; *Ali*, 86 A.3d at 178.  Therefore, we can find no error or abuse of discretion in the PCRA court's decision to dismiss Dade's fourth PCRA petition as untimely.

Order affirmed.

---

[2]  The record reflects that one of the victims, Kenneth Henshaw, testified that he saw another person standing with Dade at the time of the shooting, but that Dade was the one who fired the gun.  N.T., 3/1/90, at 112.  The eyewitness, Anthony Massey, testified that he saw Dade fire shots at the victims and then run away with someone else.  *Id.* at 140, 145.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015