J-S53007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER SINGLETARY | : | |
| | : | |
| Appellant | : | No. 3367 EDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0729881-1993

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 27, 2020**

Appellant, Christopher Singletary, appeals *pro se* from the order entered on October 24, 2018, dismissing as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court briefly summarized the facts and procedural history of this case as follows:

> [Appellant], along with multiple confederates, were arrested and subsequently charged in connection with a forcible invasion of a Philadelphia home and gunpoint robbery of its occupants in 1993. On April 4, 1994, following a jury trial[, Appellant] was convicted of three counts of robbery, burglary, conspiracy, and [a] violation of the Firearms Act. On February 7, 1995, the trial court sentenced [Appellant] to an aggregate [term of] 47½ to 95 years' imprisonment. On January 19, 1996, following a direct appeal, [this] Court affirmed the judgment of sentence. [Appellant] did not seek an allowance of appeal in the Pennsylvania Supreme Court.

On September 13, 1996, [Appellant] timely filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed an amended petition. On September 3, 1998, the PCRA court dismissed his petition. On March 31, 2000, [this] Court affirmed the dismissal. The Pennsylvania Supreme Court denied *allocatur* on July 25, 2000.

[Appellant] was subsequently unsuccessful in obtaining collateral relief through serial PCRA petitions filed in 2001, 2005, 2010, and 2015.

On December 15, 2016, [Appellant] filed the instant *pro se* PCRA petition, his sixth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on September 19, 2017. [Appellant] submitted a response to the Rule 907 notice on October 3, 2017. On October 24, 2018, the PCRA court dismissed his petition as untimely without exception. On November 15, 2018, [a] notice of appeal was timely filed [with this] Court.[1]

PCRA Court Opinion, 12/6/2018, at 1-2 (footnotes omitted).

On appeal, Appellant presents the following issue, *pro se*, for our review:

---

[1] Upon review of the certified record, the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 6, 2018. Additionally, we note that the Commonwealth applied for two extensions of time to file an appellate brief with this Court. On August 6, 2019, by *per curiam* order, we granted a second extension for the Commonwealth to file an appellate brief. Therein, this Court specifically stated that the Commonwealth's brief was due by August 26, 2019 and that this Court would not grant further extensions absent extraordinary circumstances, which did not include the Commonwealth's busy schedule. To date, the Commonwealth has not filed an appellate brief in this matter. "An appellee is required to file a brief that at minimum must contain 'a summary of argument and the complete argument for appellee.'" **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004), *citing* Pa.R.A.P. 2112. In **Pappas**, our Court referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." **Id.** The same holds true here and we remind the Commonwealth of its responsibility to file an appellee's brief in future appeals, especially where the Commonwealth specifically asks for, and is granted, additional time to do so.

> I.   Did the PCRA court err by failing to conduct an analysis under 42 Pa.C.S.A. § 9545(b)(1)(ii) so as to determine whether the after-discovered fact exception was satisfied?

Appellant's *Pro Se* Brief at 4.

> Appellant claims:
>
> In December of 2009, Appellant received an affidavit from convicted coconspirator, Karim Smith, admitting his involvement in the crimes charged and completely exonerating Appellant. Subsequently, on January 4, 2010, Seyna Barnes executed a sworn affidavit explaining she had received a copy of Smith's testimony [from his] trial and [setting forth the] date she delivered those transcripts to Appellant. Based on receipt of those documents, Appellant filed a *pro se* PCRA petition [in 2010[2]].

*Id.* at 9.

> Appellant argues:
>
> During the pendency of [another] PCRA petition [filed on December 15, 2016,] the Pennsylvania Supreme Court decided [***Commonwealth v.***] ***Burton***[, 158 A.3d 618 (Pa. 2017) on March 28, 2017]. Within the time period allotted by statute, Appellant filed a [s]upplemental PCRA [p]etition invoking the after-discovered fact exception. The PCRA court rejected that proposition[,] opining that ***Burton*** did not create a new constitutional right. The [PCRA c]ourt failed, entirely, however, to assess whether ***Burton*** constitutes a new fact [within the meaning of § 9545(b)(1)(ii), the so-called newly-discovered fact exception to the PCRA time bar]. Consequently, the record does not support the PCRA court's legal conclusion.

*Id.* at 7-8 (citations omitted).

---

[2] The PCRA court denied relief on Appellant's 2010 PCRA petition, concluding that Appellant knew as early as 1996 that his conspirator claimed Appellant was not involved in the crimes. This Court agreed with the PCRA court's determination that the purported facts were not newly discovered. ***See Commonwealth v. Singletary***, -- A.2d --, 3277 EDA 2010 (Pa. Super. 2012) (unpublished memorandum) at 7.

Essentially, Appellant argues that he obtained exculpatory information that his co-conspirator took sole responsibility for the crimes in 2009 and 2010. Appellant raised this claim in a prior 2010 PCRA petition, but was denied relief because the information could have been ascertained earlier by due diligence. Subsequently, however, our Supreme Court decided **Burton**, which held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection(b)(1)(ii) **does not apply** to *pro se* prisoner petitioners[.]" **Burton**, 58 A.3d at 719 (emphasis in original). Thus, Appellant claims that since **Burton** rejected the public information presumption as it relates to *pro se* prisoners, he is now entitled to review even though he obtained the facts underlying his current claim in 2009 and 2010 and this Court previously rejected a similar PCRA claim in 2012.

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on February 18, 1996. Hence, Appellant's current PCRA petition is manifestly untimely. Therefore, unless one of the statutory

exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. § 9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3]

---

[3] Effective December 24, 2018, the legislature amended § 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). However, the amendment to § 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." ***See id.*** at Comment. Appellant filed his current petition on December 15, 2016; thus, the amended § 9545(b)(2) does not apply to Appellant's claim.

In this case, Appellant argues that **Burton** triggers exceptions to the PCRA's timeliness requirements pursuant to § 9545(b)(1)(ii) (the newly-discovered fact exception) and § 9545(b)(1)(iii) (the new constitutional rights exception). We disagree. This Court, in **Commonwealth v. Kretchmar**, 189 A.3d 459, 464 (Pa. Super. 2018), held that **Burton** did not establish a new constitutional right or a watershed rule of criminal procedure. Thus, **Burton** does not afford Appellant relief under § 9545(b)(1)(iii). Moreover, it is well established that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the newly discovered fact exception under the PCRA. **Commonwealth v. Watts**, 23 A.3d 980, 986-987 (Pa. 2011). "[J]udicial determinations are not facts." **Id.** at 986. Accordingly, Appellant has failed to establish an exception to the PCRA time-bar under § 9545(b)(1)(ii).

Finally, we note that Appellant presents the same "unknown" facts as he did on collateral appeal in his first PCRA petition and, again, in another PCRA petition in 2012. **See Commonwealth v. Singletary**, -- A.2d --, 3277 EDA 2010 (Pa. Super. 2012) (unpublished memorandum) at 6-9. In 2012, we rejected Appellant's claim that the facts were unknown to him, stating:

> Initially, we note that 15 years ago, Appellant was aware that Mr. Smith stated that Appellant was not involved in the crime. The record supports this conclusion, because Appellant, in his first PCRA petition, argued that trial counsel was ineffective for not calling Mr. Smith as a defense witness at his 1994 trial. Thus, we agree with the PCRA court, that these 'facts' are not newly discovered.

- 6 -

*Id.* at 7 (footnote omitted). This Court previously rejected Appellant's collateral claims predicated on the same facts he presented in the instant petition filed on December 15, 2016.[4] Hence, Appellant is not entitled to relief because the underlying facts he relies upon to support his current claim are not newly-discovered and have been previously litigated. *See* 42 Pa.C.S.A. § 9544(a)(3) ("an issue has been previously litigated if … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.").

For all of the foregoing reasons, we conclude that the PCRA court properly dismissed Appellant's PCRA petition for lack of jurisdiction. Appellant's claim was previously litigated, he relies on facts that were known to him more than two decades ago, and he did not establish an exception to the PCRA's timing requirements.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/20

---

[4] The factual predicate of Appellant's claim is exculpatory testimony by Smith, which was a subject of prior PCRA petitions.