J-S07008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY ALAN GLOSSNER, | |
| Appellant | No. 484 MDA 2015 |

Appeal from the Order Entered February 19, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000028-2011

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                           **FILED FEBRUARY 26, 2016**

Jeffrey Alan Glossner appeals from the order entered February 19, 2015, denying his second PCRA petition.  Finding that Appellant's petition was untimely, we affirm.

Appellant was found guilty of involuntary deviate sexual intercourse, statutory sexual assault, sexual assault, aggravated indecent assault, and indecent assault.  The court sentenced Appellant on February 3, 2012, to an aggregate term of incarceration of thirteen to thirty years.  We have previously detailed the underlying facts of this case and need not reiterate them herein.  ***See Commonwealth v. Glossner***, 559 MDA 2012 (Pa.Super. 2012) (unpublished memorandum).

_____
* Former Justice specially assigned to the Superior Court.

Appellant timely appealed, and this Court affirmed on August 31, 2012. Appellant did not seek review with the Pennsylvania Supreme Court, but timely filed his first PCRA petition on January 2, 2013. The PCRA court appointed counsel and conducted an evidentiary hearing on August 12, 2013. The court denied Appellant's petition on August 15, 2013. Appellant timely appealed to his Court. PCRA counsel filed a praecipe to discontinue the appeal on October 22, 2013. However, on November 19, 2013, this Court reinstated Appellant's appeal and directed counsel to file either a merits brief or a petition to withdraw and no-merit letter. Thereafter, this Court affirmed the denial of Appellant's original PCRA matter on May 6, 2014.

Appellant filed the underlying PCRA petition on September 5, 2014, outside the one-year jurisdictional time frame for timely seeking PCRA relief. The PCRA court appointed counsel on September 9, 2014, and Appellant filed a *pro se* amended petition on September 15, 2014. Counsel filed an amended petition on September 29, 2014. The Commonwealth filed an answer on January 27, 2015, and the PCRA court conducted a hearing on February 19, 2015. Appellant was the only individual to testify. He maintained that his original PCRA attorney was ineffective in failing to meet with him in person, other than for ten minutes prior to his evidentiary hearing, and failed to discuss the case with him in any other regard.

He averred that he desired initial PCRA counsel to raise a claim of trial counsel ineffectiveness for failing to call his psychologist, Donna Santucci. Importantly, this Court addressed the Santucci claim in the prior PCRA appeal and concluded that the issue was meritless. The PCRA court denied Appellant's petition on the merits after the conclusion of his evidentiary hearing on February 19, 2015. This timely appeal ensued. Appellant presents two issues for our review.

1. Did the Honorable Court commit an error of law and/or abuse of discretion by failing to find Defendant's prior PCRA Attorney, Frederick D. Lingle, Esquire, was ineffective assistance of counsel?

2. Did the Honorable Lower Court commit an error of law and/or abuse of discretion by failing to find that the Defendant suffered a prejudice by prior counsel, Frederick D. Lingle, Esquire, withdrawing Defendant's appeal without consulting Defendant?

Appellant's brief at 3.

Preliminarily, we address the timeliness of Appellant's petition as it implicates our jurisdiction. *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013). A petitioner has one year from the finality of his judgment of sentence to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Judgment of sentence is final upon the completion of direct review. 42 Pa.C.S. § 9545(b)(3). Since Appellant did not file a petition for allowance of appeal, his judgment of sentence was final thirty days from this Court's affirmance of his judgment of sentence. This Court affirmed on August 31, 2012.

- 3 -

Appellant therefore had one year from October 1, 2012, to file a timely petition. Appellant filed the instant petition on September 5, 2014. Thus, the petition was facially untimely.

Appellant could only file a timely petition by asserting one of three timeliness exceptions. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any claim arguing an exception to the time-bar must be filed within sixty days of the date it could have been first presented. 42 Pa.C.S. § 9545(b)(2). Appellant failed to argue any timeliness exception below or on appeal. Accordingly, this Court is without jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016