J-S11013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAAKIR LEE | : | |
| | : | |
| Appellant | : | No. 1252 EDA 2017 |
| | : | |

Appeal from the PCRA Order April 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009126-2007,
CP-51-CR-0009414-2007

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                    **FILED MAY 02, 2018**

Zaakir Lee appeals from the order entered April 7, 2017, in the Philadelphia County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Lee seeks relief from the judgment of sentence of an aggregate term of 20 to 40 years' imprisonment, followed by 10 years' probation, imposed after he entered a guilty plea, in two separate cases, to charges of robbery (12 counts), criminal conspiracy, carrying a firearm without a license (two counts), and possessing an instrument of crime.[2]  On appeal, Lee argues prior counsel was ineffective

---

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), 6106(a)(1), and 907(a), respectively.

for failing to challenge the legality of his sentence.  For the reasons below, we affirm.

The facts underlying Lee's convictions are well-known to the parties, and summarized in the decision affirming his judgment of sentence on direct appeal.  **See Commonwealth v. Lee**, 60 A.3d 569 [3623 & 3624 EDA 2009] (Pa. Super. 2012) (unpublished memorandum at 2-4).[3]  In summary, on February 9, 2007, at approximately 10:20 p.m., Lee and a co-conspirator entered a tavern on Discher Street in Philadelphia and robbed 11 people at gunpoint.  Three days later, Lee committed another gunpoint robbery of a victim who was walking his dog in the same general area.  **See id.**  Lee was subsequently arrested and, as noted above, entered a guilty plea on September 30, 2009, in both cases.  On December 1, 2009, the trial court sentenced Lee to an aggregate term of 20 to 40 years' imprisonment, followed by 10 years' probation.  Several of his sentences were mandatory minimum terms imposed pursuant to 42 Pa.C.S. § 9712.

Lee filed a direct appeal in which he challenged only the discretionary aspects of his sentence.  **See Lee**, **supra**.  This Court affirmed on August 14, 2012, and Lee did not file a petition for allowance of appeal in the Pennsylvania

---

[3] The separate appeals filed at each trial court docket – Docket No. 9126-2009 and Docket No. 9414-2009 - were consolidated by the panel for disposition because Lee raised identical issues in both appeals.  **See Lee**, **supra**, 60 A.3d 569 (unpublished memorandum at 2 n.6).

Supreme Court. Therefore, his judgment of sentence was final thirty days later, on September 13, 2012. *See* 42 Pa.C.S. § 9545(b)(3).

On August 9, 2013, Lee filed a timely, *pro se* PCRA petition. No action was taken on that petition, and Lee filed a second *pro se* petition on August 5, 2015. Counsel was subsequently appointed, and filed an amended petition on October 19, 2016. On March 10, 2017, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Counsel filed a timely objection to the court's Rule 907 notice, however, on April 7, 2017, the PCRA court dismissed Lee's petition. This timely appeal followed.[4]

Lee's sole claim on appeal asserts prior counsel's ineffectiveness for failing to challenge the legality of his sentence. He argues (1) the mandatory minimum sentences imposed on his robbery convictions pursuant to Section 9712 have been declared unconstitutional under *Alleyne v. United States*, 570 U.S. 1 (2013); (2) a challenge to an illegal sentence cannot be waived; and (3) "[c]ounsel was ineffective for failing to raise this issue before the sentencing court or on direct appeal." Lee's Brief at 12-13, 18. We agree with the conclusion of the PCRA court that Lee is entitled to no relief.

_____

[4] On April 19, 2017, the PCRA court ordered Lee to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel complied with the court's directive and filed a concise statement on May 5, 2017.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." ***Id.*** at 1284 (citations omitted).

Preliminarily, we must address the PCRA court's assertion in its Pa.R.A.P. 1925(a) opinion that Lee's petition was untimely filed. ***See*** PCRA Court Opinion, 7/5/2017, at 4. The Pennsylvania Supreme Court has explained that the timeliness of a PCRA petition is jurisdictional and an appellate court may not reach the merits of any claim raised in an untimely petition. ***See Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

As noted above, Lee's judgment of sentence was final on September 13, 2012, 30 days after this Court affirmed his sentence on direct appeal and Lee failed to file a petition for review in the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3). Therefore, Lee had until September 13, 2014, to file a timely PCRA petition. ***See id***. at § 9545(b)(1) (any PCRA petition must be filed within one year of the date the judgment of sentence is final). The PCRA court stated in its opinion that the present petition was filed on August 5, 2015, thereby making it untimely. ***See*** PCRA Court Opinion, 7/5/2017, at 4. However, we conclude the petition filed in August of 2015 was an amendment

to the initial petition Lee timely filed on August 9, 2013. The record reflects no action was taken on Lee's initial petition, and it remained dormant until Lee filed the subsequent petition in August of 2015. Thereafter, counsel was appointed, and filed an amended petition on October 19, 2016. Accordingly, we conclude the petition before us was timely filed.

However, we agree with the PCRA court's conclusion that Lee is entitled to no relief pursuant to **Alleyne** and its progeny. In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 99 U.S. at 102. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, including 42 Pa.C.S. § 9712, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). **See Commonwealth v. Valentine**, 101 A3d 801, 812 (Pa. Super. 2014) (invalidating 42 Pa.C.S. §§ 9712 and 9713), *appeal denied*, 124 A.3d 309 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman**, **supra**, 99 A.3d at 101.

Nevertheless, Lee's sentence was not unconstitutional either at the time it was imposed, or while it was pending on direct appeal. Lee was sentenced on December 1, 2009, and his judgment of sentence became final on September 13, 2012. The Supreme Court filed the decision in **Alleyne** almost nine months later, on June 7, 2013. Although Lee would have been entitled to relief had his sentence been rendered illegal before it was final,[5] the Pennsylvania Supreme Court, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), held "Alleyne does not apply retroactively to cases pending on collateral review[.]" **Id.** at 820. Accordingly, Lee is not entitled to relief under **Alleyne**.

Lee, however, attempts to skirt the holding in **Washington** by framing his issue as a challenge to prior counsel's assistance. Indeed, he insists "counsel was ineffective for the failure to pursue the issues at trial and on direct appeal." Lee's Brief at 15. This argument is unavailing. As explained above, the decision in **Alleyne** was filed well after Lee was sentenced in December of 2009. "The law is clear that counsel cannot be held ineffective for failing to anticipate a change in the law." **Commonwealth v. Cox**, 603 983 A.2d 666, 702 (Pa. 2009). Therefore, counsel was not ineffective for

_____

[5] **See Commonwealth v. DiMatteo**, 177 A.3d 182, 192 (Pa. 2018) (defendant who presented **Alleyne** claim in a timely PCRA petition was entitled to have illegal sentence remedied when **Alleyne** was decided before defendant's judgment of sentence was final).

failing to challenge the mandatory minimum sentences at the sentencing hearing. Moreover, Lee fails to acknowledge that, following a **Grazier**[6] hearing, he voluntarily waived his right to counsel on direct appeal, and proceeded *pro se*. **See Lee**, ***supra***, 60 A.3d 569 (unpublished memorandum at 2 n.1). It is axiomatic that "a defendant who chooses to represent himself cannot obtain post-conviction relief by raising a claim of his own ineffectiveness [.]" **Commonwealth v. Blakeney**, 108 A.3d 739, 756 (Pa. 2014). Therefore, Lee is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/18

---

[6] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).