J-S69036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHALLAN A. GALLEHER | : | |
| | : | |
| Appellant | : | No. 654 MDA 2018 |

Appeal from the Order Entered January 10, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000295-2006

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

CONCURRING STATEMENT BY LAZARUS, J.: **FILED JANUARY 08, 2019**

I concur. It is clear that Appellant, who committed his crimes and entered a guilty plea long before SORNA went into effect, was not subject to SORNA's registration requirements.[1] **See** N.T. Sentencing, 1/15/07. Therefore, I agree with the majority's determination that **Muniz** is inapplicable here, and with its assertion that **Muniz** cannot save an untimely PCRA petition.[2] I write separately, however, to point out that, as Appellant argues

_____

[1] 42 Pa.C.S.A. §§ 9799.10-9799.41, effective December 20, 2012.

[2] **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) ("(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that: . . . (iii) *the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively*.") (emphasis added).

in his brief, he is in fact subject to registration, as the court acknowledged at sentencing:

> We believe the plea agreement, which exceeds the mandatory minimums in this case, [is] appropriate given the Defendant's prior convictions for similar offenses and believe that with the lifetime Megan's Law Registration, and anticipated lengthy maximum, that this Defendant can be kept under supervision and society protected sufficiently.

N.T. Sentencing, **supra** at 4.[3]   The trial court is correct that Appellant was not subject to registration and reporting requirements under SORNA, but in light of post-**Muniz** legislation, Appellant remains subject to the registration requirements set forth in Subchapter I, 42 Pa.C.S.A. § 9799.51-9799.75.[4]

_____

[3] After Megan's Law II, Act of May 10, 2000, P.L. 74, was deemed constitutionally infirm, the General Assembly enacted Megan's Law III, Act of November 24, 2004, P.L. 1243, which was in effect at the time Appellant committed the instant offenses.

[4] In response to **Muniz** and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), the General Assembly passed Acts 10 and 29 of 2018 to cure SORNA's constitutional defects.  **See** 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [**Muniz** and **Butler**].")  Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date, i.e., December 20, 2012.  Moreover, the General Assembly added Subchapter I to Title 42, Part VII, Chapter 97.   Subchapter I sets forth registration requirements that apply to all offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date (December 20, 2012), whose period of registration has not expired, as well as those offenders required to register under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.  To clarify, Appellant is arguing that the registration requirement to which he is

J-S69036-18

_____

subject (Megan's Law III), was held unconstitutional in its entirety under **Commonwealth v. Neiman**, 84 A.3d 603, 615-16 (Pa. 2013), and therefore "cannot be revived through [post-**Muniz**] retroactive legislation."   **See** Appellant's Brief, at 16.   Because his petition is untimely, and no exception applies, the PCRA court correctly dismissed it.   **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013).