J-S27017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN D. FIELDS | : | |
| | : | |
| Appellant | : | No. 1311 WDA 2018 |

Appeal from the PCRA Order Entered August 16, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001178-2003

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 9, 2019**

Sean D. Fields appeals, *pro se*, from the order entered August 16, 2018, in the Allegheny County Court of Common Pleas, dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Fields seeks relief from the judgment of sentence of an aggregate term of life imprisonment imposed on January 22, 2004, following his jury conviction of first-degree murder and firearms not to be carried without a license,[2] for the December 2002 shooting death of Rashan Harris.  On appeal, Fields contends the PCRA court erred when it dismissed his petition without first conducting an evidentiary hearing.  For the reasons below, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 2501(a) and 6101, respectively.

The facts underlying Fields' convictions were summarized by a panel of this Court in a prior appeal:

At approximately 9:30 p.m. on December 28, 2002, Moon Township police responded to a report of a shooting in a parking lot across from Chez's Lounge. They discovered the body of Rashan Harris, who died from gunshot wounds to the back of the head, neck, and leg. Mr. Harris had been shot with a nine millimeter Glock pistol from a range of six to twelve inches. No gun was discovered on Mr. Harris's body or in the vicinity of the body.

Three witnesses saw [Fields] and Mr. Harris arguing in the parking lot and then observed [Fields] shoot the unarmed man. One eyewitness had been acquainted with [Fields] for three months at the time of the incident. The motivation for the attack was a verbal altercation inside of Chez's Lounge among Mr. Harris, [Fields], and Marquette Williams, a friend of [Fields]. Witnesses observed the victim leave the bar after the altercation, and [Fields] follow him outside.

*Commonwealth v. Fields*, 888 A.2d 5 (Pa. Super. 2005) (unpublished memorandum at 1-2).

Fields was subsequently arrested and charged with murder and possession of a firearm without a license. On October 22, 2003, a jury convicted him of both charges. Thereafter, on January 22, 2004, the trial court sentenced him to a mandatory term of life imprisonment for first-degree murder, and a concurrent term of one to two years' imprisonment for the firearms charge. This Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court subsequently denied Fields'

petition for allowance of appeal on December 30, 2005. **See Fields**, **supra**, 888 A.2d 5, *appeal denied*, 556 WAL 2005 (Pa. 2005).[3]

Fields filed a timely, *pro se* PCRA petition on January 24, 2006. After counsel was appointed and filed an amended petition, the PCRA court granted Fields relief in the form of a new trial without first conducting an evidentiary hearing. On appeal, a panel of this Court reversed and remanded for an evidentiary hearing. **See Commonwealth v. Fields**, 23 A.3d 593 (Pa. Super. 2010) (unpublished memorandum). Upon remand, the PCRA court conducted a hearing, and, on July 19, 2011, entered findings of fact and conclusions of law, once again granting Fields a new trial. The Commonwealth appealed, and a panel of this Court reversed the PCRA court's order and reinstated Fields' judgment of sentence. The Pennsylvania Supreme Court denied Fields' petition for allowance of appeal. **See Commonwealth v. Fields**, 82 A.3d 470 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 89 A.3d 660 (Pa. 2014).

On March 7, 2016, Fields filed a second, *pro se* PCRA petition. Acknowledging the petition was untimely, he asserted the newly discovered facts exception to the PCRA's time-for-filing requirements, based upon an affidavit from a prior known witness, Steven Bronaugh. The PCRA court dismissed the petition on May 9, 2016, and Fields filed a timely appeal. That

---

[3] Although an order denying Fields' petition for allowance of appeal is included in the certified record, our research has failed to uncover an Atlantic Reporter citation for the ruling.

same day, he also filed an emergency supplement to the PCRA petition to which he attached an affidavit signed by another purported witness, Devin Carter, which is the subject of the present appeal. **See** Emergency Supplement to Post Conviction Relief Act, 6/10/2016. On May 19, 2017, a panel of this Court affirmed the order on appeal, and the Pennsylvania Supreme Court denied Fields' petition for allowance of appeal on February 14, 2018. **See Commonwealth v. Fields**, 170 A.3d 1237 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018). Neither the PCRA court, nor the panel of this Court, addressed Carter's affidavit.

Thereafter, on March 8, 2018, Fields filed the present PCRA petition, *pro se*. He asserts he is entitled to a new trial based upon Carter's affidavit, which states as follows:

> Around late December 2002, around 8-8:30 pm I, Devin Carter, was walking home from my grandfather's house, I lived in 161 Juniper Dr. Moon Twp. As I was walking down Fifth Ave. approaching Thorn Run Rd. I heard several gunshots. As I was approaching Thorn Run, I saw people running to their cars. They were coming out of the Chez Lounge. As I was walking past I saw a man laying in the parking lot across the street. An older man walked over to the man on the ground and took what looked like a chrome gun out of the man on the ground's hand. He jumped into a dark colored SUV and sped off. By the time I got home my brother heard about what happened. He told me that the dude that got shot was a man named Gator. I told my brother that I saw dude laying in the parking lot. He told me not to say anything to anybody because he didn't want me getting involved. …

Affidavit of Devan Carter, 6/30/2016 (some punctuation and capitalization added). Carter further averred that he did not tell Fields what he saw until June of 2016 when they were housed in the same prison. **See id.** On July

- 4 -

24, 2018, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Fields filed a *pro se* response to the Rule 907 notice on August 9, 2018. Nevertheless, on August 16, 2018, the PCRA court dismissed Fields' PCRA petition. This timely appeal follows.[4]

Although Fields purports to raise two issues on appeal, both claims challenge the PCRA court's decision to dismiss the petition without first conducting an evidentiary hearing. **See** Fields' Brief at vii.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." **Commonwealth v. duPont**, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 87 (Pa. 2005), *cert. denied*, 547 U.S. 1129 (2006).

---

[4] On September 19, 2018, the PCRA court ordered Fields to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Fields complied with the court's directive and filed a concise statement on October 5, 2018.

Before we may address the merits of Fields' underlying claim, we must first determine if the petition was timely filed.[5] The requirement that a PCRA petition must be filed within one year of the date the underlying judgment becomes final "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014). **See also** 42 Pa.C.S. § 9545(b)(1). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." **Id.** Here, Fields' judgment of sentence was final on March 28, 2006, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, and Fields failed to file a petition for writ of *certiorari* in the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct.R. 13. Therefore, Fields had until March 28, 2007, to file a timely PCRA petition. The one before us, filed nearly 11 years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought.[6] **See** 42 Pa.C.S. § 9545(b)(2).

_____

[5] We note the PCRA court did not address the timeliness of Fields' petition in in its opinion.

[6] The Legislature recently amended Subsection 9545(b)(2), which now grants a petitioner one year to invoke one of the timing exceptions. **See** Section 3

Upon our review, we find Fields has sufficiently invoked the newly discovered facts exception to the timing requirements set forth in Subsection 9545(b)(1)(ii). The Act provides an exception to the one-year filing requirement when the petitioner alleges and proves "the facts upon which the claim is predicated were unknown to the petitioners and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9454(b)(1)(ii). We note:

> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. [**Commonwealth v.**] **Bennett**, … 930 A.2d [1264,] 1270 [(Pa. 2007)]. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" **Id.** Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. See 42 Pa.C.S.A. § 9545(b)(1)(ii); **Bennett**, **supra**. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:
>
>> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were **unknown** and 2) could not have been ascertained by

of Act 2018, Oct. 24, P.L. 894, No. 146. The amendment, however, applies only to claims arising on or after December 24, 2017. Therefore, it is inapplicable here.

the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Bennett**, **supra** …, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. **Id.** at 395, 930 A.2d at 1271.

**Com. v. Brown**, 111 A.3d 171, 176–177 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Fields asserts that the information in Carter's affidavit was unknown to him, and could not have been ascertained by the exercise of due diligence. **See** Fields' Brief at 4; Motion for Post Conviction Collateral Relief, 3/8/2018, at Exhibit A, ¶ 6. We agree. Carter was a previously unknown witness, who did not know Fields at the time of the crime, and did not tell the police what he saw that night; therefore, we fail to see how Fields could have learned of Carter's existence by the exercise of due diligence. Furthermore, because at the time Fields first learned of this new witness in June of 2016, an appeal from his prior PCRA petition was pending in this Court, the 60-day period for presenting a time-for-filing exception did not begin to run until the resolution of the prior appeal, that is, February 14, 2018, the date the Pennsylvania Supreme Court denied Fields' petition for allowance of appeal.[7] **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Accordingly, we conclude Fields' petition filed on March 8, 2018, sufficiently invoked the newly

---

[7] We note that Fields' notice of appeal from his second PCRA was filed on June 10, 2016, and Carter's affidavit was sworn on June 30, 2016.

discovered facts exception to the PCRA's timing requirements, and we may, therefore, proceed to consider his substantive claim on appeal.

As noted above, Fields argues the PCRA court erred in failing to conduct an evidentiary hearing on his claim of after-discovered evidence. We reiterate that "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." **duPont**, **supra**, 860 A.2d at 530. In order to obtain relief based upon after-discovered evidence, a PCRA petitioner must prove

> four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, this four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018).

Fields asserts the PCRA court made a credibility determination concerning Carter's affidavit without conducting an evidentiary hearing. **See** Fields' Brief at 3. He claims that Carter's affidavit "if tested at an evidentiary hearing and survive rigorous examination can establish doubt, actual innocence, testimony the [j]ury never heard." **Id.** at 5. Indeed, Fields argues Carter's affidavit states Fields "was not the person standing over the victim moments after the shooting, then removing a chrome gun off the deceased." **Id.**

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we find the PCRA court thoroughly addressed and properly disposed of Fields' issue in its opinion. **See** PCRA Court Opinion, 12/11/2018, at 5-8 (holding (1) to the extent Fields argues Carter's affidavit supports a claim of self-defense, Fields did not argue self-defense at trial, and therefore, the after-discovered evidence "would not likely result in a different verdict[;]"[8] and (2) to the extent Fields argues Carter's affidavit supports a mistaken identity defense, (a) Carter's affidavit does not state he "actually witnessed the shooting" or that "he can identify or describe the shooter nor does it indicate that [Fields] was not the shooter[;]"[9] (b) "[a]t best the statement refers to events occurring after the shooting as described by a witness walking by the scene who did not witness the actual shooting[;]"[10] and (c) therefore, the after-discovered evidence would not likely result in a different verdict). Accordingly, we rest on the PCRA court's well-reasoned basis.

Order affirmed. Parties are directed to attach a copy of the PCRA court opinion in the event of further proceedings.

---

[8] PCRA Court Opinion, 12/11/2018, at 6.

[9] **Id.** at 8.

[10] **Id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2019