718 A.2d 743

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Paul Gamboa TAYLOR, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 26, 1998.

Decided Aug. 20, 1998.

Richard Robinson, Pittsburgh, for P. Taylor.

H. Stanley Rebert, York, Robert A. Graci, Office of Atty. Gen., for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

SAYLOR, Justice.

In this capital case, Appellant, Paul Gamboa Taylor ("Taylor"), appeals from an order denying post-conviction relief in the form of a new penalty phase hearing.

The circumstances underlying Taylor's convictions of five counts of first degree murder and the subsequent imposition of a sentence of death are set forth at length in this Court's Opinion on direct appeal. *See Commonwealth v. Gamboa-Taylor*, 535 Pa. 266, 634 A.2d 1106 (1993). Stated briefly, using a ball peen hammer and a kitchen knife, Taylor bludgeoned and stabbed to death his mother-in-law, her infant son, and two of his own three minor children. Eleven hours later, Taylor's wife arrived at home, and Taylor killed her in the same manner. Taylor then attempted to commit suicide. He subsequently confessed to the killings on multiple occasions,

including in a detailed letter that he wrote to the district attorney.

On December 19, 1991, following full written and oral plea colloquies, Taylor entered a general plea to criminal homicide. On January 10, 1992, the trial court conducted a degree of guilt hearing, at the outset of which the court conducted a second colloquy concerning Taylor's decision not to present defenses. After the presentation of evidence by the Commonwealth, Taylor was found guilty as to each of five counts of first degree murder. In the penalty phase that followed, the trial court engaged in a third colloquy with Taylor concerning his decision not to present any evidence of mitigating circumstances or to otherwise oppose the imposition of a sentence of death. On January 23, 1992, Taylor was sentenced to death for each of four of the counts of first degree murder, and to life imprisonment for the remaining count. An automatic direct appeal followed, in which Taylor presented no claim of error. This Court reviewed the sufficiency of the evidence and satisfied its statutory obligations attendant to the review of a sentence of death, and, on December 9, 1993, affirmed the judgment of sentence. *Id.*

On January 13, 1997, Taylor, proceeding *pro se*, filed a petition seeking relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (the "PCRA"), and a supplemental PCRA petition was filed after the appointment of counsel. Taylor alleged, *inter alia*, that his trial counsel was ineffective for having failed to override Taylor's decisions as to trial strategy in the penalty phase, including the decision not to present mitigating evidence. The PCRA court conducted a hearing on June 24, 1997, at which Taylor and trial counsel testified, and at the conclusion of which the court denied the petition from the bench. The court found that trial counsel had properly advised Taylor concerning all aspects of the criminal proceedings and, in particular, that a death sentence would likely be imposed should Taylor pursue his chosen strategy of inaction. With specific reference to the penalty phase, the court found that trial counsel had discussed with Taylor the desirability of presenting mitigating evidence, and

that Taylor rejected such advice and, in fact, made telephone calls to witnesses to advise them not to be present at trial. The court also found that Taylor failed to present any evidence that would support a finding that he was at any time incapable of making knowing and intelligent decisions. In this regard, the PCRA court noted that the trial court had required psychological and psychiatric evaluations prior to the entry of Taylor's guilty plea, which established that Taylor was able to make rational decisions throughout and was otherwise competent to stand trial.

The single legal issue presented in this appeal is whether trial counsel was ineffective for permitting Taylor to make decisions as to trial strategy and, in particular, the decision not to present mitigating evidence during the penalty phase hearing. Taylor takes the position that trial counsel should have overridden his decisions in such matters, because he was under severe stress and was suffering from remorse.

■ This Court's review of the denial of post-conviction relief is limited to an examination of whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. *Commonwealth v. Morales*, 549 Pa. 400, 408, 701 A.2d 516, 520 (1997) (citing *Commonwealth v. Travaglia*, 541 Pa. 108, 117 n. 4, 661 A.2d 352, 356 n. 4 (1995), *cert. denied*, 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996)). With respect to Taylor's claim of ineffective assistance of trial counsel, he is required to establish that the claim has arguable merit; that trial counsel had no reasonable basis for proceeding as he did; and that the alleged ineffectiveness of counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S. § 9543(a)(2)(ii); *see generally Commonwealth v. Collins*, 546 Pa. 616, 619, 687 A.2d 1112, 1113 (1996).

This Court has stated generally that counsel cannot be deemed ineffective for failing to override the decisions of his client, *see Commonwealth v. Pierce*, 537 Pa. 514, 525, 645 A.2d 189, 195 (1994), and, more specifically, that when counsel

148

follows the defendant's strategy at a penalty phase hearing, he cannot be deemed ineffective for doing so. *See Commonwealth v. Beasley,* 544 Pa. 554, 566, 678 A.2d 773, 778 (1996), *cert. denied,* 520 U.S. 1121, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997). For example, in *Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603 (1993), *cert. denied,* 511 U.S. 1115, 114 S.Ct. 2123, 128 L.Ed.2d 678 (1994), in the penalty phase of a capital case, the appellant instructed trial counsel not to introduce mitigating evidence or to argue mitigating circumstances. On appeal, however, the appellant argued that an attorney cannot abide by such direction, because a defendant does not have the right to choose to receive the death penalty. Upon review of the sentencing statute, 42 Pa.C.S. § 9711, the associated case authorities and the Pennsylvania Rules of Professional Conduct, this Court found that:

[a] criminal defendant has the right to decide whether mitigating evidence will be presented on his behalf. We will not remove that right and compel admission of such evidence. Defense counsel has no duty to introduce and argue evidence of mitigating circumstances where his client has specifically directed otherwise.

*Id.* at 368–69, 635 A.2d at 611–12.

Similar claims of ineffectiveness were raised and rejected in *Beasley,* 544 Pa. at 565, 678 A.2d at 778, and in *Morales,* 549 Pa. at 420–23, 701 A.2d at 526–27. In both cases, the appellants complained of a failure on the part of their counsel to override their decisions not to present mitigating circumstances in penalty phase hearings. In *Morales,* this Court found that, "[s]ince appellant waived his right to present this evidence, appellant cannot now assert that trial counsel was ineffective for failing to overrule appellant's stated desire to forego the presentation of mitigating evidence." *Id.* at 423 n. 27, 701 A.2d at 527 n. 27. Further, the Court stated:

if this Court were to allow such an ineffectiveness claim to succeed after appellant made a knowing, intelligent and voluntary waiver of his right to present mitigating evidence, it would have the unwanted and absurd effect of allowing appellant and other defendants to build ineffective assis-

tance of counsel claims into their case in order to guarantee themselves a new sentencing hearing should they receive the death penalty.

*Id.* at 420–21, 701 A.2d at 526; *see also Beasley,* 544 Pa. at 565, 678 A.2d at 778 (stating that "[w]hen counsel follows the defendant's strategy at the penalty phase, he cannot be deemed ineffective for doing so").

■ Taylor's claims are quite similar to those made by the appellants in *Sam, Beasley* and *Morales.* As in those cases, the record in this case clearly supports the PCRA court's findings that Taylor made the decision not to present evidence in the penalty phase and that he did so contrary to the recommendations and advice of trial counsel. In addition to Taylor's having had the benefit of the advice of trial counsel, the trial court in various colloquies also advised him of his rights and probed whether his decisions were rational and properly informed. Like trial counsel, the trial court specifically advised Taylor of his right to defend against imposition of the death penalty, including the right to present mitigating circumstances, and that the likely result of the failure to do so would be the imposition of a sentence of death. Under these circumstances, counsel cannot be deemed ineffective for failing to override Taylor's decision not to present such evidence. *See Morales,* 549 Pa. at 420–23, 701 A.2d at 526–27; *Beasley,* 544 Pa. at 565, 678 A.2d at 778; *Sam,* 535 Pa. at 368, 635 A.2d at 611–12.

■ Woven into Taylor's claim of ineffectiveness is the assertion that his mental state after the killings prevented him from making rational decisions, essentially rendering him incompetent. It is, however, the burden of a person asserting mental incompetency to establish such incompetency by a preponderance of the evidence. *See Commonwealth v. Appel,* 547 Pa. 171, 189, 689 A.2d 891, 899 (1997). In this case, Taylor's claim of incompetency is completely unsupported in fact. On the other hand, the PCRA court's determination that Taylor was competent in all matters of decision and strategy is supported by substantial evidence of record, including Taylor's own testimony, the testimony of his trial counsel, and the

report of the court-appointed psychiatrist. Taylor's suggestion that stress and remorse associated with a capital case are such that he (and, by implication, others in his situation) are *per se* incompetent to make decisions of strategy does not comport with the well-established standard for determining mental competency, *see generally Appel,* 547 Pa. at 187–89, 689 A.2d at 899, and has been squarely rejected. *See Morales,* 549 Pa. at 420, 701 A.2d at 526; *Sam,* 535 Pa. at 368–69, 635 A.2d at 611–12.

Finally, Taylor makes a broader attack upon trial counsel's stewardship, claiming that the failure to override his decisions generally constituted ineffectiveness. By implication, the claim is limited to the penalty phase, as Taylor does not seek to withdraw his guilty plea or to overturn the first degree murder convictions. Taylor, however, does not describe any specific omission on the part of trial counsel other than the failure to present mitigating evidence. Without such description, there is no basis for assessing either the arguable merit of the claim or whether cognizable prejudice resulted. Accordingly, relief under the PCRA is not available. *See generally Collins,* 546 Pa. at 619, 687 A.2d at 1113.

Because Taylor's claim of ineffectiveness on the part of his trial counsel lacks merit, the order of the Court of Common Pleas of York County is affirmed.