67 A.3d 1245

COMMONWEALTH of Pennsylvania, Appellee

v.

Paul Gamboa TAYLOR, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 20, 2010.

Decided May 29, 2013.

Matthew C. Lawry, Defender Association of Philadelphia, Philadelphia, for Appellant.

William Ross Stoycos, Amy Zapp, PA Office of Attorney General, Harrisburg, for Appellee.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, JJ.

## OPINION

Justice EAKIN.

In this capital case, appellant, Paul Gamboa Taylor, appeals from the order of the PCRA court dismissing his third PCRA petition as untimely and finding trial counsel[1] did not have a conflict of interest during his representation of appellant. For the reasons discussed below, we affirm.

In the interest of clarity, a brief recitation of the facts and extensive procedural history is necessary.[2] On May 18, 1991, appellant was arrested for the brutal murder of his wife, two of his three children, his mother-in-law, and her son. Appellant entered his mother-in-law's bedroom while she slept, struck her in the head with a hammer, and slit her throat with a knife, killing her. He then turned the hammer on her young

---

1. Trial counsel is now deceased.

2. The facts of this case are presented in greater detail in this Court's affirmance of appellant's death sentence. *See Commonwealth v. Gamboa–Taylor,* 535 Pa. 266, 634 A.2d 1106 (1993).

son, and his own son and daughter. When his wife returned approximately 11 hours later, she met the same fate.

Appellant was initially unapologetic and offered no excuses for his actions. He wrote a letter to the police admitting guilt and refuting any suggestion of mental illness—he specifically asked the court to show no mercy and give him the maximum sentence. The chief public defender of York County was appointed to represent appellant. Appellant, after completing both oral and written colloquies, pled guilty to murder generally. During the oral colloquy, appellant repeatedly confirmed he understood and waived his right to a determination of guilt, as well as a jury determination of the degree of guilt and the appropriate sentence. Trial counsel filed a pre-trial motion to suppress appellant's letter to the police, including his confession; the trial court granted the motion and commenced with the degree of guilt and penalty hearings. Prior to the degree of guilt hearing, the court again colloquied appellant regarding his rights, and he reaffirmed his desire to plead guilty to murder generally. Appellant also informed the court he personally canceled the appearance of a witness whom trial counsel had previously subpoenaed to testify on appellant's behalf at the penalty phase. The trial court found appellant guilty of first degree murder on all five counts.

A penalty phase hearing immediately followed, and at appellant's direction, counsel rested without presenting any witnesses or offering any mitigating evidence. On January 23, 1992, the trial court imposed the death penalty for four counts and a life sentence on the fifth count. Appellant informed the court, both directly and through counsel, he did not wish to file any post-trial motions. Trial counsel represented appellant on direct appeal, and this Court affirmed the judgment of sentence December 9, 1993. *Id.* Appellant filed a *pro se* PCRA petition, and new counsel was appointed to represent him. PCRA counsel filed an amended PCRA petition, which contained no reference to trial counsel's prior representation of appellant's father-in-law, Eric Barshinger, occurring between 1981 and 1988. Rather, the petition alleged trial coun-

sel should have disregarded appellant's instructions and presented mitigating evidence at the penalty phase.

During the PCRA evidentiary hearing, appellant again acknowledged he had instructed trial counsel not to call witnesses or present evidence of impaired mental health because he wanted to admit guilt. Trial counsel testified he followed his client's instructions because his observations of appellant gave him no reason to question his competence. Following the hearing, the PCRA court denied relief, finding appellant's testimony was truthful, he had instructed witnesses not to appear, he had instructed counsel not to contest the Commonwealth's evidence, and he was competent to make those decisions. We affirmed the PCRA court's order, reasoning "counsel cannot be deemed ineffective for failing to override [appellant's] decision not to present such [mitigating] evidence." *Commonwealth v. Taylor*, 553 Pa. 144, 718 A.2d 743, 745 (1998). Following our decision, appellant, through PCRA counsel, filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania.

PCRA counsel also filed a second PCRA petition in state court alleging ineffectiveness of trial counsel and trial court error. Again, the petition contained no reference to trial counsel's prior representation of Barshinger. Due to the filing of the PCRA petition, the federal district court dismissed the habeas corpus petition, but the United States Court of Appeals for the Third Circuit overturned the order and stayed the habeas proceedings pending the disposition of the state court proceedings. The PCRA court subsequently dismissed appellant's second petition as untimely, and we affirmed. *See Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 753 A.2d 780 (2000). On March 15, 2004, the federal district court issued an opinion finding all of appellant's habeas corpus claims procedurally defective and dismissed the petition. Thereafter, the district court vacated the order and considered appellant's claims on the merits. On July 22, 2004, the district court determined appellant was not entitled to relief and

dismissed the petition. The Third Circuit unanimously affirmed. *See Taylor v. Horn*, 504 F.3d 416 (3d Cir.2007).

Appellant, through PCRA counsel, filed a third PCRA petition, January 28, 2008, alleging, for the first time, at the time he entered his guilty pleas, trial counsel had a conflict of interest which adversely affected his representation of appellant. Appellant contended trial counsel's representation of Barshinger beginning in 1981 and continuing sporadically through 1988, Barshinger's familial relation to the victims, and trial counsel's appointment as stand-by counsel for Barshinger in 1988 on appeal, created an actual conflict of interest because Barshinger's case "had yet to be finally adjudicated at the time [trial counsel] assumed representation of [a]ppellant" in 1991. Appellant's Brief, at 6. Specifically, appellant contended this conflict of interest caused trial counsel to abandon appellant's interests and begin working against him. The Commonwealth filed a motion to dismiss the third PCRA petition as untimely. The PCRA court made a "preliminary finding" the petition was timely and held three days of evidentiary hearings. The PCRA court subsequently determined trial counsel did not have an actual conflict of interest during his representation of appellant.[3] Based on this determination, the PCRA court concluded there was no newly-discovered evidence of a conflict of interest that would bring appellant's petition within one of the PCRA's timeliness exceptions. Accordingly, it found the petition untimely and denied it.

Appellant appeals from the denial of his third petition, raising five issues for our review, which have been reworded and reordered for ease of discussion: (1) whether the third PCRA petition was timely filed; (2) whether the PCRA court erred in ruling appellant failed to establish a conflict of interest; (3) whether the PCRA court erred in ruling that

---

3. The PCRA court held, even if a conflict did exist, such conflict did not adversely affect trial counsel's representation of appellant. The court noted appellant "was preventing [trial counsel] from presenting anything," PCRA Court Order, 3/9/09, at 4, and "it's very clear that no matter what [trial counsel] did [to assist appellant], [appellant] was willing to short-circuit [it]." N.T. Motion to Dismiss Proceeding, 8/27/08, at 36.

even if there was a conflict, the conflict did not have an adverse impact on the performance of trial and appellate counsel; (4) whether counsel's undisclosed conflict of interest had an adverse impact on counsel's representation at trial and on appeal by preventing or inhibiting counsel from showing appellant's waivers of his rights to trial by jury, and to present a defense at trial and mitigating evidence at the penalty phase, were invalid; and (5) whether this Court should remand for the PCRA court to consider additional evidence and/or provide more thorough analysis and findings.

 In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey,* 593 Pa. 67, 928 A.2d 215, 223 (2007) (citations omitted). The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. *Commonwealth v. Taylor,* 933 A.2d 1035, 1038 (Pa.Super.2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.* Section 9545(b)(1) requires a petitioner to file a PCRA petition "within one year of the date the judgment [became] final." 42 Pa.C.S. § 9545(b)(1). There are three exceptions to the timeliness requirement, including an exception for newly-discovered evidence. *See id.,* § 9545(b)(1)(ii). A petitioner under this exception must file a PCRA petition within 60 days of the date the claim could have originally been brought. *Id.,* § 9545(b)(2).

Appellant's petition was filed more than 15 years after judgment of sentence was final. The only issue is whether, as appellant argues, his untimeliness may be excused because "the facts upon which the claim is predicated were unknown to the [appellant] and could not have been ascertained by the exercise of due diligence." *Id.,* § 9545(b)(1)(ii). Specifically, appellant contends he did not know about the alleged conflict of interest until just prior to filing his third PCRA petition; however, the PCRA court reviewed the evidence and found

appellant had not presented evidence warranting application of this exception.[4]

This Court has found matters of public record are not unknown. *See Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 523 (2006) (matters of public record cannot be said to have been "unknown") (citing *Commonwealth v. Whitney*, 572 Pa. 468, 817 A.2d 473, 476 (2003); *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 588 n. 4 (2000)); *see also Commonwealth v. Lopez*, 51˙ A.3d 195, 196 (Pa.2012) (*per curiam*) (holding non-discovery of publicly available information could not predicate timeliness exception). Trial counsel represented Barshinger, in three matters unrelated to appellant's current litigation, between 1981 and 1988. These cases were docketed, filed with the clerk of court, and readily available. Therefore, as appellant has not presented any newly-discovered evidence, and the evidence presented would not meet the requirement the information be unknown at the time the petition was filed, the PCRA court properly found appellant failed to satisfy the newly-discovered evidence exception. His third PCRA petition was, therefore, untimely.

Appellant also provides a discussion of the merits of his claims in the remaining four issues; he argues the PCRA court's disposition of his case conflated the issues of timeliness and merits. Appellant's Brief, at 1 n. 1. As the PCRA court properly found the petition was untimely, we do not reach, and will not address, the merits. *See Taylor*, 933 A.2d at 1038 (citing *Murray*, at 203) (PCRA time requirement mandatory and jurisdictional in nature; court cannot ignore it and reach merits of petition).

Order affirmed. Jurisdiction relinquished.

Chief Justice CASTILLE, Justices SAYLOR, BAER, TODD and McCAFFERY join the opinion.

4. In its Rule 1925(a) opinion, the PCRA court determined appellant's claim was baseless—no conflict of interest ever existed for trial counsel; appellant's third PCRA petition, therefore, was untimely filed. PCRA Court Opinion, 5/18/09, at 7.