**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IVES ARTIS, | |
| Appellant | No. 1939 EDA 2014 |

Appeal from the PCRA Order May 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1300162-2006, CP-51-CR-1300163-2006

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 10, 2015**

Ives Artis appeals from the order entered May 23, 2014, denying his serial post-conviction relief petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

Appellant pled guilty to third-degree murder, robbery, and two firearm violations on September 10, 2007, and was sentenced that same day.  The facts giving rise to the charges involved the July 17, 2006 shooting of Leis Desir at 2:43 a.m. while he was fueling his cab at a gas station.  The following morning, at approximately 1:54 a.m., Philadelphia Police Officer Michael Bolli saw Appellant asleep in the passenger seat of an illegally parked vehicle.  There was a gun inside of a shoe on the floor of the vehicle beside Appellant.  Appellant attempted to flee, but was arrested.

_____
* Retired Senior Judge assigned to the Superior Court.

Appellant waived his **Miranda** rights and admitted that he had demanded the victim give him his money. He continued that the victim refused and sprayed him with gasoline. Appellant then removed a gun from his pocket and fired a single shot, hitting the victim in the head. Ballistics evidence concluded that bullet fragments from the victim's head were fired from the weapon located in Appellant's shoe.

Pursuant to the plea agreement, the court sentenced Appellant to thirty-five to seventy years imprisonment. Specifically, the court sentenced Appellant to twenty to forty years incarceration for the murder charge, ten to twenty years for the robbery count, and two and one-half to five years each for the firearms violations. Appellant did not appeal; however, on September 15, 2008, he filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition. The PCRA court denied that petition. Appellant appealed, and counsel filed a **Turner/Finley** no-merit brief and motion to withdraw on appeal. This Court affirmed and permitted counsel to withdraw. **Commonwealth v. Artis**, 30 A.3d 551 (Pa.Super. 2011) (unpublished memorandum).

Thereafter, Appellant filed the underlying serial PCRA petition on October 9, 2013. The court issued a Pa.R.Crim.P. 907 notice of dismissal on May 1, 2014, and filed its final order denying Appellant's petition on May 23, 2014. This timely appeal ensued. The PCRA court authored an opinion,

indicating that Appellant's petition was untimely and that he did not establish a timeliness exception. Appellant raises six issues for our review.

1. Whether the [c]ourt below erred in dismissing Post-Conviction Relief Act Petition (PCRA) as being un-timely filed?

2. Whether the sentencing [c]ourt erred in sentencing the petitioner in violation of his right to due process by not conducting a pre-sentencing report investigation and factoring [m]ental [h]ealth issues into mitigation process?

3. Whether sentencing counsel was ineffective for failing to conduct any investigation during mitigation phase?

4. Whether the [c]ourt below erred in [d]ismissing petitioner[']s Post Conviction [R]elief Act petition (PCRA) for "[n]ewly [d]iscovered" evidence as untimely?

5. Whether [the] [s]entencing [c]ourt and [s]entencing counsel erred/ineffective in forcing the petitioner to accept/take a guilty plea under false pretenses that he was facing the [d]eath penalty, [f]irst degree, and second [d]egree, when the [d]ocket records clearly show the petitioner was only held for trail [sic] for 3rd [d]egree [m]urder?

6. Whether the claim of [a]ctual innocence, [sic] should allow the court to hear petitioner's [p]etition?

Appellant's brief at unnumbered page 8.

Preliminarily, we address the timeliness of Appellant's petition as it implicates our jurisdiction. **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013). A petitioner has one year from the finality of his judgment of sentence to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Judgment of sentence is final upon the completion of direct review. 42 Pa.C.S. § 9545(b)(3). Since Appellant did not file a direct appeal, his judgment of

sentence was final thirty days from his sentencing, which was October 10, 2007. Appellant filed the instant petition on October 9, 2013. Thus, the petition was facially untimely.

Here, Appellant could only file a timely petition by asserting one of three timeliness exceptions. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any claim arguing an exception to the time-bar must be filed within sixty days of the date it could have been first presented. 42 Pa.C.S. § 9545(b)(2).

Appellant's brief is largely incomprehensible, but it appears that he is maintaining that he discovered his own mental health records and filed his petition within sixty days of that discovery. The mental health records attached to Appellant's petition were a letter from a healthcare provider indicating that he had attention deficit disorder and a personality disorder in 1997-1998. Since Appellant's mental health records were available at the time of his plea, he cannot show that he exercised due diligence in discovering his own medical records approximately six years after he entered his plea. Appellant's claim is patently meritless. The PCRA court correctly determined that Appellant's petition was untimely.

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015