J-S28014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HASAN MUSTAFA BRADLEY, | |
| Appellant | No. 2071 MDA 2014 |

Appeal from the PCRA Order October 22, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000018-2010

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 12, 2015**

Hasan Mustafa Bradley appeals from the October 22, 2014 order denying post-conviction relief.  Since the serial PCRA petition is untimely, and no exception to the time-bar was pled or proved, we affirm.

On August 2, 2010, Appellant entered an open guilty plea to five counts of possession with intent to deliver cocaine and one count each of criminal conspiracy and criminal use of a communication facility.  On November 12, 2010, he was sentenced to seven to fourteen years incarceration and a $25,000 fine.  Appellant did not file a post-sentence motion or a direct appeal.

On September 28, 2011, Appellant filed a timely *pro se* PCRA petition.  Counsel was appointed.  Counsel filed an amended PCRA petition on

Appellant's behalf on January 16, 2012. After several continuances, an evidentiary hearing was held on December 4, 2012. At that time, counsel advised the court that Appellant was withdrawing his PCRA petition. The Commonwealth requested that the court ensure in its colloquy that Appellant understood that the petition would be dismissed with prejudice, and that any subsequent PCRA petition would constitute a second petition. N.T. PCRA Evidentiary Hearing, 12/4/12, at 4.

Appellant was placed under oath and the trial court questioned him on the record. In response to the trial court's inquiries, Appellant confirmed that he was satisfied with counsel's representation, and that, in conjunction with his discussions with counsel, he wished to withdraw this PCRA petition. He verified that he was doing so voluntarily. Upon being informed by the court that it is much more difficult to file a second PCRA petition, and that it was not likely that he would obtain relief in a second PCRA petition, Appellant again acknowledged that he understood and wished to withdraw his petition. The court, satisfied that Appellant's withdrawal was voluntary, permitted him to do so. The order provided that upon petitioner's request, "the PCRA petition in this case is hereby withdrawn, with prejudice." *Id*. at 8.

On August 20, 2014, Appellant filed a *pro se* motion for new trial, a motion to proceed *pro se*, and a request for a **Grazier** hearing via video conference, or alternatively a PCRA petition or writ of *habeas corpus*. The

court treated the motion as a PCRA petition and dismissed it on September 4, 2014. On September 10, 2014, Appellant filed a motion seeking an order for the Commonwealth to show cause, or alternatively, a PCRA petition. Again, the court treated the motion as the latter and dismissed it on October 22, 2014. Appellant filed the within appeal, complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant presents five questions for our review:

> A) Whether plea counsel was ineffective for failing to inform Defendant of sentence/aggregation and the totality of the plea.
>
> B) Whether the second/subsequent (PCRA) should be deemed as timely filed.
>
> C) Whether the evidence was sufficient enough in which to sustain a verdict, and or to sentence Defendant as Defendant was sentenced. Whether the credibility of witnesses was reliable.
>
> D) Whether any issue(s) was waived by Defendant in the withdraw[al] of the first (PCRA) 42 Pa.C.S. § 5505.
>
> E) Whether the Defendant should be re-sentenced to that of a lesser sentence, and or the sentence in it's self modified, to be reduced.

Appellant's brief at 4.

The trial court properly treated Appellant's motion challenging his sentence as a PCRA petition. *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (collateral petitions raising issues and requesting remedies available under the PCRA are treated as PCRA petitions). All PCRA petitions,

even second ones, must be filed within one year from the date when judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). In this case, Appellant's sentence became final on December 12, 2010. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking such review). While there are statutory exceptions to the PCRA's one-year time bar, Appellant has not pled nor proved any exception. 42 Pa.C.S. § 9545(b)(1)(i-iii).

Appellant had until December 12, 2011 to file a timely PCRA petition and his September 10, 2014 petition was untimely. Thus, we do not have jurisdiction to entertain Appellant's petition and the trial court properly denied relief. *Taylor*, *supra* at 1248.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015

- 4 -