IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

**BAER, C.J., TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 793 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | June 23, 2021 in the Court of |
| | : | Common Pleas, York County, |
| v. | : | Criminal Division at No. CP-67-CR- |
| | : | 0001762-1991 |
| | : | |
| PAUL G. TAYLOR, | : | SUBMITTED: February 7, 2022 |
| | : | |
| Appellant | : | |

## OPINION

**JUSTICE BROBSON**                              **DECIDED: September 29, 2022**

In this capital case, Paul G. Taylor (Taylor) appeals from the denial of his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546. As we agree with the conclusion of the Court of Common Pleas of York County (PCRA court) that Taylor untimely filed the petition, we affirm.

On May 18, 1991, Taylor brutally murdered his wife, two of his minor children, his mother-in-law, and his mother-in-law's minor son. On December 19, 1991, Taylor pled guilty to five counts of criminal homicide generally. On January 10, 1992, following a degree-of-guilt hearing, the trial court convicted Taylor of first-degree murder on all five counts. The matter proceeded to a penalty phase hearing, following which the trial court determined that the imposition of the death penalty was appropriate for four of Taylor's murder convictions and that a penalty of life imprisonment was appropriate for the remaining murder conviction. The trial court formally imposed Taylor's sentences on

January 23, 1992. This Court affirmed Taylor's judgment of sentence on direct appeal on December 9, 1993. *Commonwealth v. Gamboa-Taylor*, 634 A.2d 1106 (Pa. 1993) (*Taylor I*). Taylor did not petition for a writ of certiorari to the United States Supreme Court. On January 13, 1997, Taylor filed his first PCRA petition. The PCRA court denied the petition on the merits, and this Court affirmed on appeal. *Commonwealth v. Taylor*, 718 A.2d 743 (Pa. 1998) (*Taylor II*). Taylor filed his second PCRA petition on February 5, 1999. The PCRA court dismissed Taylor's second petition as untimely filed, and this Court again affirmed on appeal. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000) (*Taylor III*).

On January 28, 2008, Taylor filed a third PCRA petition, alleging that his trial counsel had a conflict of interest previously unknown to Taylor that adversely affected trial counsel's representation of Taylor. The PCRA court denied relief, and, once again, this Court affirmed on timeliness grounds. *Commonwealth v. Taylor*, 67 A.3d 1245 (Pa. 2013) (*Taylor IV*), *overruled by Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020).[1] Pertinent to the instant matter, the Pennsylvania Office of Attorney General (OAG) represented the Commonwealth in opposing Taylor's third PCRA petition. Additionally, Justice Eakin authored this Court's unanimous majority opinion in *Taylor IV*, in which Then-Chief Justice Castille, Justice Saylor, Then-Justice (Now-Chief Justice) Baer, Justice Todd, and Justice McCaffery also participated.

On December 8, 2014, Taylor filed a fourth PCRA petition, seeking a new appeal *nunc pro tunc* to this Court from the PCRA court's denial of his third PCRA petition which alleged trial counsel's conflict of interest. Petitioner premised his fourth PCRA petition

---

[1] *Small* overruled *Taylor IV* and several other cases to the extent that *Small* disavowed application of the public record presumption in the context of the newly discovered facts exception to timeliness under Section 9545(b)(1)(ii) of the PCRA, 42 Pa. C.S. § 9545(b)(1)(ii).

upon the well-publicized scandal involving the exchange of inappropriate emails between employees of the OAG and members of the judiciary, including former Justices Eakin and McCaffery. Petitioner alleged that emails exchanged during the pendency of *Taylor IV* reflected partiality on the part of this Court in disposing of his appeal, in violation of Taylor's due process rights. Given that his fourth petition was facially untimely, Taylor relied upon two of the three statutory exceptions to the PCRA's one-year time-bar—*i.e.*, the "governmental interference" exception set forth in Section 9545(b)(1)(i) of the PCRA, 42 Pa. C.S. § 9545(b)(1)(i), and the "newly discovered facts" exception set forth in Section 9545(b)(1)(ii) of the PCRA.[2] The PCRA court dismissed Taylor's fourth petition, concluding that the PCRA court lacked the authority to grant the relief that Taylor sought. Taylor then appealed. On November 6, 2019, with its participating members being equally divided on the matter, this Court affirmed the PCRA court's order by operation of law. *Commonwealth v. Taylor*, 218 A.3d 1275 (Pa. 2019) (per curiam) (*Taylor V*). Then-Chief Justice Saylor, Then-Justice (Now-Chief Justice) Baer, and Justice Todd, all of whom participated in *Taylor IV*, did not participate in the decision. Justice Wecht issued an opinion in support of reversal (OISR), joined by Justice Donohue; Justice Dougherty issued an opinion in support of affirmance (OISA), joined by Justice Mundy.

The opinions authored in *Taylor V* addressed, in relevant part, whether Taylor's fourth PCRA petition was timely filed, whether his constitutional claim of appellate court

---

[2] The governmental interference exception requires a petitioner to plead and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa. C.S. § 9545(b)(1)(i). The newly discovered facts exception requires a petitioner to plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. C.S. § 9545(b)(1)(ii). Additionally, at the time Taylor filed his fourth PCRA petition, the PCRA required that he file the petition invoking these exceptions within sixty days of the date the claim first could have been presented. 42 Pa. C.S. § 9545(b)(2) (amended 2018).

error was cognizable under the PCRA, and whether the PCRA court could afford him the relief he sought—*i.e.*, reinstatement of the right to appeal anew to this Court *nunc pro tunc*. In the OISR, Justice Wecht concluded that Taylor's claim was cognizable under the PCRA and that the PCRA court had the authority to order the relief Taylor requested, if warranted on the merits. *Taylor V*, 218 A.3d at 1275, 1279-83, 1285 (Wecht, J., OISR). Justice Wecht further opined that any determination as to the timeliness of Taylor's petition was premature, notwithstanding its jurisdictional nature, as the PCRA court did not dispose of the petition on timeliness grounds and the record was undeveloped as to that issue. *Id.* at 1283 n.9. Justice Wecht, therefore, would have reversed the PCRA court's order and remanded the matter for further proceedings. *Id.* at 1275, 1283, 1285. In contrast, Justice Dougherty concluded in the OISA that, while Taylor's claim was cognizable under the PCRA, the only constitutionally permissible remedy the PCRA court could afford as to such a claim was the reinstatement of the right to seek reargument of the original appellate decision *nunc pro tunc*. *Id.* at 1289, 1292 (Dougherty, J., OISA). Additionally, Justice Dougherty's review of the record led him to conclude that Taylor's fourth PCRA petition was untimely filed. *Id.* at 1293-95. As such, he opined that a remand to the PCRA court was unwarranted and that, instead, he would affirm the order of that court. *Id.* at 1286, 1293, 1295.

On November 20, 2019, Taylor filed an application for reargument (Application) with this Court, including a request that the Court appoint additional jurists to hear the matter. *See generally* Pa.R.J.A. 701(C); Supreme Court Internal Operating Procedures § 13, 210 Pa. Code § 63.13. During the pendency of Taylor's Application, on April 24, 2020, the Court impaneled a special complement of jurists consisting of Justices Donohue, Dougherty, Wecht, and Mundy, and Judges King, Kunselman, and Nichols of the Superior Court, and decided *Commonwealth v. Koehler*, 229 A.3d 915 (Pa. 2020)—

*i.e.*, a separate case that was substantially similar to, and which extensively referenced, *Taylor V*. Like Taylor in *Taylor V*, John Koehler (Koehler) filed a serial, facially untimely PCRA petition in his capital case that: (1) was premised on the same email scandal and a violation of his due process and other constitutional rights arising out of this Court's alleged partiality in adjudicating his appeal in his prior PCRA matter; and (2) sought reinstatement of his appellate rights to this Court *nunc pro tunc* from the PCRA court's denial of his previously filed PCRA petition. *Koehler*, 229 A.3d at 922-24. Just as the PCRA court did in *Taylor V*, the PCRA court in *Koehler* ultimately dismissed Koehler's serial petition, concluding that it lacked the authority to grant the relief Koehler sought. *Id.* at 922.

In contrast to *Taylor V*, however, the seven-member special complement of this Court in *Koehler* reversed the PCRA court's dismissal in a divided opinion. *Id.* Justice Wecht wrote the majority opinion, which Justice Donohue and Judges King, Kunselman, and Nichols joined. Specifically, the majority concluded that "a due process challenge to the impartiality of an appellate jurist is cognizable under" the PCRA and that the PCRA court has the authority to grant relief in the form of reinstatement of a PCRA petitioner's right to appeal anew to the appellate tribunal *nunc pro tunc*. *Id.* at 922, 931, 942. Observing that the PCRA court dismissed Koehler's serial PCRA petition based on the mistaken belief that it lacked the authority to afford Koehler the relief requested—a matter separate from the jurisdictional question of timeliness and the merits of the underlying claim, neither of which the PCRA court had yet addressed—the majority remanded the matter to the PCRA court for further proceedings to address such issues and others in the normal course. *Id.* at 939-43.

In a concurring and dissenting opinion, Justice Dougherty, again joined by Justice Mundy, concluded that the Court lacked jurisdiction over the "unripe question" regarding

the authority of the PCRA court to grant Koehler's requested relief, given that the PCRA court erroneously failed to determine first whether Koehler timely filed his serial petition and then whether he was entitled to relief on the merits. *Id.* at 946, 964 (Dougherty, J., concurring and dissenting). Justice Dougherty concluded that, as such, there was "no present case and controversy regarding the proper relief that may be afforded to a hypothetical petitioner who presents a meritorious judicial bias-based due process claim in a timely PCRA petition." *Id.* at 946. Justice Dougherty, thus, opined that "the only option [wa]s to reverse and remand with instructions for the PCRA court to determine whether [Koehler's] petition [wa]s timely" and his claim meritorious. *Id.* This conclusion notwithstanding, Justice Dougherty agreed that an allegation of appellate court constitutional error is cognizable under the PCRA, opined as to the burden a PCRA petitioner must meet in asserting such a claim pertaining to judicial bias, and reiterated his position that "the *nunc pro tunc* reinstatement of the right to seek reargument is the only lawful remedy for a judicial bias-based due process claim raised on collateral review." *Id.* at 950-56, 964.

On May 18, 2020, following the Court's *Koehler* decision, the Court denied Taylor's Application by operation of law, as the participating Justices were again equally divided on the Application. *Commonwealth v. Taylor*, 230 A.3d 341 (Pa. 2020) (per curiam). Just as in *Taylor V*, Then-Chief Justice Saylor, Then-Justice (Now-Chief Justice) Baer, and Justice Todd did not participate in the matter. Justice Wecht filed a dissenting statement, which Justice Donohue joined. Consistent with their positions in *Koehler*, Justice Dougherty and Justice Mundy voted to deny the Application. On May 29, 2020, in light of *Koehler*, Taylor filed an application for leave to be heard further and accompanying

renewed application for reargument, which this Court denied by per curiam order on June 17, 2020.[3]

Taylor then filed the instant PCRA petition, his fifth, on August 13, 2020. Therein, he reasserted his due process claim premised upon the alleged partiality of this Court in *Taylor IV* arising out of the email scandal, as well as his request for a new appeal in that matter *nunc pro tunc*. In addressing the timeliness of his petition, Taylor asserted, *inter alia*, that the petition met the "newly recognized constitutional right" exception set forth in Section 9545(b)(1)(iii) of the PCRA, 42 Pa. C.S. § 9545(b)(1)(iii),[4] based on *Koehler*. Taylor further submitted that, if relief was unavailable to him under the PCRA, then he must be able to obtain habeas corpus relief with respect to his claim. The Commonwealth filed a response, and Taylor filed a reply thereto. The PCRA court then issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 909, concluding that the petition was facially untimely and that Taylor failed to establish that this Court's holding in *Koehler* "has been held to apply retroactively as contemplated under [Section] 9545(b)(1)(iii)" of the PCRA. (PCRA Ct. Pa.R.Crim.P. 909 Notice, 3/31/2021, at 1.) After Taylor filed a response to the PCRA court's notice, the PCRA court denied the petition on June 23, 2021, "upon consideration of the facts and [this Court's] Order denying [Taylor's] previous [m]otion for relief based on the same claims." (PCRA Ct. Order, 6/23/2021.)

---

[3] Again, Then-Chief Justice Saylor, Then-Justice (Now-Chief Justice) Baer, and Justice Todd did not participate in the decision.

[4] The newly recognized constitutional right exception requires a petitioner to plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa. C.S. § 9545(b)(1)(iii).

Taylor again appealed. The PCRA court directed him to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and Taylor complied. In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the PCRA court opined that it considered Taylor's "fifth PCRA [petition] and second appeal to [this Court] as a tactic to prolong [Taylor's] judgment of sentence [*sic*]." (PCRA Ct. Pa.R.A.P. 1925(a) Op., 8/4/2021, at 1.) The PCRA court also pointed to its notice of intent to dismiss the petition, its order denying the petition, and this Court's order "issued on December 12, 2020, addressing the same claims raised in [Taylor's] present appeal"[5] for its reasoning in support of its decision to deny Taylor relief. (*Id.* at 1-2.)

On appeal, Taylor presents the following two issues in his brief to this Court:

I. Does *Commonwealth v. Koehler*, 229 A.3d 915 (Pa. 2020), which held for the first time that lower courts have the authority to remedy claims of judicial bias of higher courts, satisfy one or more of the enumerated exceptions to the PCRA timeliness requirements?

II. If [Taylor's] judicial bias claim does not qualify under a PCRA timeliness exception, is it nevertheless cognizable under state habeas corpus?

(Taylor's Brief at 2.) In addressing these issues, we observe that our review of an order denying relief under the PCRA is limited to determining whether the order is supported by the evidence of record and free of legal error. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa.), *cert. denied*, 574 U.S. 1026 (2014).

We begin with the timeliness of Taylor's fifth petition. Generally, any PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence becomes final to be deemed timely filed. 42 Pa. C.S. § 9545(b)(1); *Commonwealth v.*

---

[5] Though the PCRA court referred to the date of the above order as December 12, 2020, it appears that the PCRA court was referring to this Court's order of June 17, 2020, denying Taylor's application for leave to be heard further and accompanying renewed application for reargument based upon *Koehler*.

*Marshall*, 947 A.2d 714, 719 (Pa. 2008). A petitioner, however, can overcome this one-year time-bar if "the petition alleges and the petitioner proves" one of the timeliness exceptions set forth in the PCRA. *See* 42 Pa. C.S. § 9545(b)(1)(i)-(iii). Further, pursuant to Section 9545(b)(2) of the PCRA, 42 Pa. C.S. § 9545(b)(2), any petition invoking a timeliness exception must "be filed within one year of the date the claim could have been presented."

It is well settled that the PCRA's time limitations are jurisdictional in nature and that neither this Court nor the PCRA court has jurisdiction over an untimely petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). We have further held that the PCRA's time limitations are not subject to equitable exceptions:

> Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in [Section] 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by [Section] 9545(b)(1)(i)-(iii).

*Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (citations omitted); *see also Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (observing that PCRA does not confer authority on "this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the [PCRA]") (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)).

Taylor's judgment of sentence became final in 1994, after the time for seeking a writ of certiorari to the Supreme Court of the United States from this Court's decision in *Taylor I* expired. *See* 42 Pa. C.S. § 9545(b)(3) (providing that, for PCRA purposes, "[a]

judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. Rule 13 (providing that petition for writ of certiorari is timely when filed within 90 days after entry of judgment of state court of last resort). As such, it is undisputed that the instant PCRA petition, filed on August 13, 2020, is facially untimely. In an effort to overcome the one-year time-bar, Taylor claims that, in light of *Koehler*, the instant petition satisfies the newly recognized constitutional right exception set forth in Section 9545(b)(1)(iii) of the PCRA.[6] As previously stated, this exception requires a PCRA petitioner to plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa. C.S. § 9545(b)(1)(iii).

Taylor submits that *Koehler* "represents new law" because the decision "recognized, for the first time, that PCRA courts have the power to grant new appeals, *nunc pro tunc*, to remedy due process violations flowing from decisions issued by biased appellate tribunals" and no prior precedent dictated that holding. (Taylor's Brief at 17.) Taylor also argues that *Koehler*'s holding is of constitutional dimension given that it is grounded on a PCRA petitioner's constitutional due process right to an unbiased tribunal on appeal. Taylor additionally argues that *Koehler* applies—or should apply— retroactively for the following reasons. First, Taylor contends that *Koehler* itself holds or otherwise "dictates" that the decision applies retroactively. (*Id.* at 19.) Arguing that "[t]he PCRA says nothing about an express statement of retroactivity," Taylor notes that *Koehler* was litigated through the PCRA and Koehler himself "received the benefit of the

_____

[6] While Taylor phrases his first issue on appeal and portions of his supporting argument in general terms of whether *Koehler* satisfies the PCRA's timeliness exceptions, we note that the only exception he addresses before this Court is the newly recognized constitutional right exception set forth in Section 9545(b)(1)(iii) of the PCRA.

new law announced therein. In other words, *Koehler* itself applied the new rule retroactively to . . . Koehler." (*Id.* at 20-21.) Taylor also points to language from the majority opinion in *Koehler* recognizing that other defendants claiming unconstitutional jurist bias would likewise be entitled to relief in the form of a new appeal, if warranted on the merits. (*Id.* at 20 (relying upon *Koehler*, 229 A.3d at 934).) Second, Taylor argues that *Koehler*'s holding relative to the PCRA court's remedial authority is "jurisdictional," and, thus, it should be applied retroactively as is "typical[ly]" done in the case of "jurisdictional rulings." (*Id.* at 21-25 (relying upon, *inter alia*, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) (explaining that "by definition, a jurisdictional ruling may never be made prospective only")).) Finally, Taylor asks us to apply "a more flexible approach to retroactivity" under the unique circumstances of this case, where merits review of his judicial bias claim has evaded him despite his diligence in asserting the claim.[7] (*Id.* at 25-26.)

In response,[8] the Commonwealth argues that the PCRA court's determination that Taylor's fifth PCRA petition is untimely filed, depriving the court of jurisdiction to consider

---

[7] In so doing, Taylor advocates for application of the following test, which, according to Taylor, counsels in favor of retroactive application of *Koehler* and requires consideration of: "(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule." (Taylor's Brief at 27 (quoting *Dana Holding Corp. v. Workers' Comp. Appeal Bd.*, 232 A.3d 629, 633 (Pa. 2020)).) Taylor also submits that his reliance on *Koehler* to render the instant petition timely is consistent with this Court's recognition that the PCRA—generally the sole avenue for post-conviction relief—must be liberally construed to promote justice and "so as not to foreclose avenues of relief for an otherwise diligent litigant." (Taylor's Brief at 35-36.)

[8] The Commonwealth requested and received three extensions of time to file an appellate brief in this matter. On February 14, 2022, after failing to file a brief by the January 28, 2022 deadline provided in this Court's order granting the Commonwealth's third extension of time, the Commonwealth filed an "Application for Leave to File Appellee's Brief Late." The Commonwealth attached its proposed brief and averred that Taylor's counsel did not oppose the application. Taylor's counsel likewise informed the Court that he had no objection to the application, and he submitted a reply brief in

the merits, is supported by the record and free from legal error. As to Taylor's assertion that his petition is timely under Section 9545(b)(1)(iii) of the PCRA, the Commonwealth argues that the exception is inapplicable because it requires, *inter alia*, that the newly recognized constitutional right "has [previously] been held by that court to apply retroactively," and "[t]his Court has not previously stated that the holding of the Majority Opinion in *Koehler* applies retroactively to cases on collateral review." (Commonwealth's Brief at 41-42 (emphasis omitted) (quoting 42 Pa. C.S. § 9545(b)(1)(iii)) (relying upon *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002); *Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020)).) The Commonwealth submits that, "[f]aced with this straightforward law, Taylor makes several ambiguous, convoluted, and ultimately meritless arguments." (*Id.*) The Commonwealth contends that, to the extent that Taylor relies upon case law pertaining to the subject of retroactivity outside of the PCRA context, such reliance is irrelevant and improper given that the PCRA is the governing law. The Commonwealth also challenges Taylor's position insofar as he claims that he acted diligently in filing his claims in his fourth PCRA petition, which he is attempting to relitigate in the instant PCRA petition.

With respect to the timeliness exception set forth in Section 9545(b)(1)(iii) of the PCRA, our Court has held that the provision has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred,

_____

response thereto. This Court granted the Commonwealth's application by order dated August 15, 2022. In so doing, we directed the Prothonotary to docket the Commonwealth's Appellee Brief as well as Taylor's Reply Brief, both of which we consider in rendering our decision.

*i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Abdul-Salaam*, 812 A.2d at 501-02 (specifically holding that "the language 'has been held' means that the ruling on retroactivity of the new constitutional law must have been made prior to the filing of the petition for collateral review" and "that a retroactivity determination must exist at the time that the petition is filed"). Additionally, in *Reid*, this Court reaffirmed *Abdul-Salaam* and further explained:

> The plain language [of Section 9545(b)(1)(iii) of the PCRA] makes clear that, when dealing with an otherwise untimely PCRA petition, our collateral review courts are only "open" to a claim that a new constitutional right applies when the right "has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). In other words, because the "has been held" language "means that the ruling on retroactivity of the new constitutional law must have been made prior to the filing of the petition for collateral review[,]" *Abdul-Salaam*, 812 A.2d at 501, our state collateral courts are, in fact, *not* "open" to a claim that a new constitutional right applies, *unless* the right has already been held to apply retroactively.

*Reid*, 235 A.3d at 1160-61 (emphasis in original).

Assuming *arguendo* that *Koehler* announced a new constitutional right, we find no error in the PCRA court's conclusion that the newly recognized constitutional right exception is inapplicable herein because Taylor has failed to establish that this Court's decision in *Koehler* "has been held to apply retroactively as contemplated under [Section] 9545(b)(1)(iii)" of the PCRA.[9] (PCRA Ct. Pa.R.Crim.P. 909 Notice, 3/31/2021,

---

[9] While Taylor presents a cursory argument that *Koehler* recognized a new constitutional right, neither the PCRA court nor the Commonwealth have addressed this initial requirement of Section 9545(b)(1)(iii) of the PCRA. Insofar as it can be argued that *Koehler* did not recognize a new constitutional right, we are careful to note that we do not treat *Koehler*'s satisfaction of this initial requirement as a foregone conclusion. Rather, we need not reach the issue in light of our conclusion herein relative to Taylor's failure to demonstrate satisfaction of Section 9545(b)(1)(iii)'s second requirement (*i.e.*, that the right has been held to apply retroactively).

at 1.) Specifically, notwithstanding Taylor's arguments to the contrary, this Court's decision in *Koehler* itself—although decided in the context of a collateral proceeding—did not hold that any right established therein applies retroactively within the meaning of Section 9545(b)(1)(iii). Moreover, insofar as Taylor asks this Court to hold now that the ruling of *Koehler* applies retroactively on any of the theories he advances, we decline his invitation.[10] As noted, it is well settled that a new constitutional right must already have "been held" by this Court to apply retroactively prior to the filing of the subject petition in order for Section 9545(b)(1)(iii) to apply. *See Abdul-Salaam*, 812 A.2d at 501-02; *Reid*, 235 A.3d at 1160-61. In the absence of such a preexisting holding, Taylor has failed to establish the applicability of the newly recognized constitutional right exception to his instant PCRA petition.[11] We also reiterate that the PCRA's time limitations are not subject to equitable exceptions. *Fahy*, 737 A.2d at 222; *Watts*, 23 A.3d at 983. We, therefore,

---

[10] In his reply brief, Taylor adds, *inter alia*, that this Court should find his petition timely filed based on retroactive application of *Koehler* because *Koehler* was decided while Taylor's Application in *Taylor V* was pending before the Court and Taylor properly preserved the issue in that matter. In support, Taylor relies upon case law relative to retroactive application of new rules in cases pending on direct review. *See, e.g.*, *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983) ("[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal."). Taylor submits that the "same logic applies" in the post-conviction context. (Taylor's Reply Brief at 3.) We do not address this basis for retroactive application of *Koehler* for the same reasons stated above.

[11] We also note that, while the Commonwealth primarily relies upon *Abdul-Salaam* and *Reid* in support of its position, Taylor fails even to cite either case in his briefing to this Court, let alone present pointed advocacy to refute that their interpretation of Section 9545(b)(1)(iii) controls the outcome of this matter. As such, we dispose of Taylor's appeal pursuant to the prevailing law governing application of Section 9545(b)(1)(iii) of the PCRA as set forth in those cases.

agree with the PCRA court that Taylor's fifth petition is time-barred under the PCRA and conclude that, like the PCRA court, we lack jurisdiction over the petition.[12]

As a final point, we address Taylor's second issue, wherein he asserts that, if his "judicial bias claim does not qualify under a PCRA timeliness exception, it must be cognizable under state habeas corpus."[13] (Taylor's Brief at 37.) Our Court has squarely rejected this claim. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 737 (Pa. 2003) (finding no merit to assertion that, "even if [petitioner's] claims are time-barred under the PCRA, the PCRA court should have used its inherent power under common law to review his claims under Pennsylvania's writ of habeas corpus"); *Fahy*, 737 A.2d at 223 (rejecting argument that "even if [petitioner's] claims are barred as untimely, his claims are entitled to review under our Commonwealth's writ of habeas corpus"). In so doing, the Court has observed:

> [T]he PCRA subsumes the writ of habeas corpus with respect to remedies offered under the PCRA. However, a writ of habeas corpus continues to exist as a separate remedy. Even so, *the writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA.*

*Abu-Jamal*, 833 A.2d at 738 (emphasis in original) (quoting *Fahy*, 737 A.2d at 223-24). As made clear in *Koehler*, the PCRA provides a remedy for Taylor's underlying claim, which is cognizable under the PCRA. As Taylor "confuses the issues of whether a claim

---

[12] The parties also present argument on the propriety of the PCRA court's conclusion that this Court's prior ruling(s) relative to *Taylor V* preclude review of this petition, as well as whether the PCRA court's dismissal of the instant petition should be affirmed on the basis that Taylor failed to make a prima facie showing that a miscarriage of justice may have occurred. *See Fahy*, 737 A.2d at 223 ("This [C]ourt has determined that in reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong prima facie showing is demonstrated that . . . a miscarriage of justice occurred."). We need not consider these arguments in light of our conclusion that we lack jurisdiction over Taylor's petition because the petition is time-barred.

[13] The Commonwealth does not respond to this claim in its brief to this Court.

satisfies the jurisdictional requirements of the PCRA[] and whether the PCRA provides a remedy for such a claim," *Fahy*, 737 A.2d at 224, he is not entitled to habeas corpus relief.

Based on the foregoing, we conclude that Taylor's fifth petition filed pursuant to the PCRA is untimely filed. As such, the PCRA court was without jurisdiction to address the merits of his claims, and dismissal of the petition was proper. We, therefore, affirm the order of the PCRA court.

Justices Dougherty, Wecht and Mundy join the opinion.

Justice Dougherty files a concurring opinion in which Justice Mundy joins.

Justice Donohue files a dissenting opinion.

Chief Justice Baer and Justice Todd did not participate in the consideration or decision of this matter.